# HIRAM DONAR *v.* KING ASSOCIATES, INC.
## (AC 20747)

Foti, Mihalakos and O'Connell, Js.

Argued September 13—officially released December 18, 2001

*Thomas P. Chapman*, for the appellant (defendant).

*John B. Farley*, with whom, on the brief, was *Kevin E. Majewski*, for the appellee (intervening plaintiff-counterclaim defendant United Coastal Industries, Inc.).

*Opinion*

MIHALAKOS, J. The defendant, King Associates, Inc., appeals from the judgment on its counterclaim, rendered by the trial court in favor of the intervening plaintiff, United Coastal Industries, Inc., one of two plaintiffs in this action. On appeal, the defendant claims that the court improperly granted the intervening plaintiff's motion to strike the defendant's substitute counterclaim. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. Sometime before December 2, 1996, the University of Connecticut contracted with the defendant to renovate the student recreation and athletic facility (facility) in Storrs. The defendant, a general contractor, contracted with the intervening plaintiff, a subcontractor, to remove segments of the facility's roof. On December 2, 1996, the plaintiff, Hiram Donar, was employed by the intervening plaintiff. On that day, while removing segments of the facility's roof, the plaintiff sustained injuries when he fell through a hole in the roofing structure.

On November 11, 1997, the plaintiff commenced a negligence action against the defendant. On November 25, 1997, the intervening plaintiff, that is, the plaintiff's

employer, intervened in that action, seeking reimbursement of workers' compensation benefits it had paid to the plaintiff.[1] On September 20, 1999, the defendant filed a seven count substitute counterclaim, seeking indemnification from the intervening plaintiff.[2]

In counts one, two, five, six and seven of its substitute counterclaim, the defendant alleged, in relevant part: "Pursuant to the contract between King Associates, Inc. and United Coastal Industries, Inc., the co-plaintiff, United Coastal Industries, Inc., is required by the contract to indemnify the defendant. The contract provided in Paragraph 4.6.1 [that] 'to the fullest extent permitted by law, the subcontractor shall indemnify and hold harmless the owner, contractor . . . and agents and employees of any of them from and against claims, damages, losses and expenses, included but not limited to attorneys fees, arising out of or resulting from performance of the subcontractor's work under this subcontract, provided that such claimed damage, loss or expenses attributable both to bodily injury . . . *but only to the extent caused in whole or in part by negligent acts or omissions of the subcontractor*, the subcontractor's sub-subcontractors, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expenses [was] caused in part by a party indemnified hereunder.' " (Emphasis added.)

Counts one, two, three, four and seven of the substitute counterclaim included the following language:

---

[1] Among other things, the Workers' Compensation Act, General Statutes § 31-275 et seq., "protects an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action." (Internal quotation marks omitted.) *Isaacs* v. *Ottaviano*, 65 Conn. App. 418, 424, 783 A.2d 485 (2001); see General Statutes § 31-293 (a).

[2] "In an action for indemnity, as distinguished from an action for contribution, one tortfeasor seeks to impose total liability upon another." *Skuzinski* v. *Bouchard Fuels, Inc.*, 240 Conn. 694, 697 n.3, 694 A.2d 788 (1997).

"The aforementioned contract specifically provides that the subcontractor, United Coastal Industries, Inc., shall indemnify and hold the defendant, King Associates, Inc., harmless even in the event that King Associates, Inc. is found to be negligent, as specified in Paragraph 4.6.1 of the aforementioned contract."

On October 8, 1999, the intervening plaintiff filed a motion to strike the defendant's substitute counterclaim in its entirety. The court granted the motion to strike, concluding, in effect, that the defendant's allegation that the intervening plaintiff had a contractual obligation to indemnify the defendant for the defendant's own negligence was not supported by the facts alleged in the counterclaim. From that ruling, the defendant appealed.

"The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) *Jewish Home for the Elderly of Fairfield County, Inc.* v. *Cantore,* 257 Conn. 531, 537–38, 778 A.2d 93 (2001). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Novametrix Medical Systems, Inc.* v. *BOC Group, Inc.,* 224 Conn. 210, 215, 618 A.2d 25 (1992).

In the present case, the facts alleged in the substitute counterclaim do not support the conclusion that the

intervening plaintiff had a contractual obligation to indemnify the defendant for the defendant's negligence. The defendant alleged that paragraph 4.6.1 of its contract with the intervening plaintiff supports that conclusion and included that paragraph in its counterclaim. That paragraph, which we previously set forth, contains definitive language that indicates otherwise.[3] Specifically, the italicized segment of paragraph 4.6.1 discloses that the intervening plaintiff was required to indemnify the defendant only for losses caused in whole or in part by the intervening plaintiff's negligent acts or omissions.

We acknowledge that "[i]n view of the exclusivity of workers' compensation relief, indemnity claims against employers as joint tortfeasors warrant the special additional limitation of an independent legal relationship." *Skuzinski* v. *Bouchard Fuels, Inc.*, 240 Conn. 694, 699, 694 A.2d 788 (1997); see also General Statutes § 31-284 (a). Because (1) the defendant, under the contract, was not entitled to indemnification from the intervening plaintiff for losses resulting from the defendant's own negligence, and (2) the defendant did not allege the existence of another independent legal relationship that would require the intervening plaintiff to indemnify it under those circumstances, we conclude that the court properly granted the intervening plaintiff's motion to strike.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] For clarity, we note that "[a]lthough ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citations omitted; internal quotation marks omitted.) *Levine* v. *Massey*, 232 Conn. 272, 277–78, 654 A.2d 737 (1995).