[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107 #113)
The plaintiff Salza commenced an action against defendants Richard and Kathleen Cellar alleging in the first count of the second amended complaint[1] that, as a business invitee of the defendants' establishment, he was intentionally assaulted and beaten by Gosselin, a bartender acting for and on behalf, and within the scope of his employment with, the defendants, and in furtherance of their business.
The second count, which incorporates the allegations of assault in the first count, alleges negligence and carelessness on the part of the defendants proximately causing said assault in that they failed to: 1) protect Salza from the danger of assault, 2) take reasonable precautions to safeguard persons on the premises, 3) warn Salza, 4) establish measures to protect plaintiff from physical attack, 5) properly train and supervise employees to prevent said assault, and 6) failed to act reasonably prudently under the circumstances.
The third count, which does not incorporate the allegations of assault in the first count, alleges battery caused by Gosselin's negligence and carelessness[2] in that he: 1) failed to control his movements so as not to come into contact, 2) failed to keep his movements from resulting in contact, 3) failed to avoid contact, and 4) unreasonably came into contact, with the plaintiff.
The fourth count, directed against the third party defendant American Equity, alleges that it issued a commercial general liability insurance policy to the defendants, that the plaintiff was an intended third party beneficiary of that policy, that it provides indemnification for claims of bodily injury arising out of the negligence of defendants' employees, CT Page 6320 that the plaintiff has alleged that he was injured as a result of the negligence of an employee, and that by refusing to indemnify the defendants, American Equity has breached the contract, and plaintiff has been damaged thereby.
Prior to the inclusion of the fourth count in the second amended complaint, the defendants filed a third party complaint against American Equity, alleging that it issued a commercial general liability insurance policy[3] to the defendants, that it provides coverage for claims by third parties such as the plaintiff for bodily injury sustained as a result of the negligence of defendants' employees, that it has a duty to defend and indemnify the defendants against the claims in the plaintiffs complaint, and that it is obligated to satisfy any judgment in this action against them.
American Equity first moves to strike the third party complaint on the ground that the policy has an exclusionary clause that expressly denies coverage for all assault and battery related injuries and that relieves it of any obligation to defend or indemnify the defendants.[4]
"A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Vacco v. MicrosoftCorp., 260 Conn. 59, 64-65, 786 A.2d 1256 (2002).
The plaintiff objects to the motion to strike and argues that the allegations in the third party complaint, and in the second and third counts of the second amended complaint, fall within the terms of the insurance policy, because they contain allegations of negligent conduct.[5] The plaintiff argues that the "concept of a negligently inflicted personal injury by physical acts against another, as alleged here, is recognized under Connecticut law." Plaintiffs Memorandum in Opposition to American Equity's Motion to Strike, p. 3 n. 1. The cases on which the plaintiff relies for its argument are those cited in footnote 2, supra. These cases, however, in discussing how an actionable assault or battery may be committed, hold that negligent conduct causing physical contact and injury, as alleged here, constitutes an assault and battery. The allegations in the second and third count sound in assault and battery, even though they contain allegations of negligence.[6]
CT Page 6321
The defendants' third party complaint alleges that American Equity's policy provides coverage "for claims by third parties for bodily injury sustained as a result of the negligence of the [defendants'] employees." That allegation is, however, irrelevant here, because the plaintiffs second amended complaint clearly sounds in assault and battery.[7]
In Kelly v. Figueiredo, 223 Conn. 31, 610 A.2d 1296 (1992), the court considered an exclusion clause with language identical to the one at issue here.[8] The court agreed with the insurer "that the exclusion clause applies to all assaults and batteries." (Emphasis added.) Id., 35. In other words, such an exclusion applies to assaults and batteries caused by intentional, reckless or negligent conduct.[9] See also AxaGlobal Risks US Ins. Co. v. S.G.S., Superior Court, judicial district of Danbury, Docket No. 337096 (November 15, 2000, Moraghan, J.) (allegations of assault and battery caused by negligence of cafe fall squarely within express assault and battery exclusion); Jeffrey Brothers v. InterstateFire Casualty Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 421578 (October 19, 1999, Licari, J.) (assault and battery exclusion applies to both claims of active and passive negligence causing assault and battery); Penn-America Ins. Co. v. LTJ Corp., et al, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 468305 (July 23, 1996, Arena, J.) (allegations of assault and battery based on negligent conduct fall within scope of assault and battery exclusion).
"If the words in the policy are plain and unambiguous the established rules for the construction of contracts apply, the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning, and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties. . . . We note, further, that a court will not torture words to import ambiguity, where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because lawyers or laymen contend for different meanings. . . . The fact that the parties advocate different meanings of the exclusion clause does not necessitate a conclusion that the language is ambiguous. . . . There is no presumption that language in insurance contracts is inherently ambiguous. Only if the language manifests some ambiguity do we apply the rule that ambiguous insurance contracts are to be construed in favor of insureds and to provide coverage." (Citations omitted; internal quotation marks omitted.) Buell Industries v. GreaterNew York Mutual Ins., 259 Conn. 527, 545, 791 A.2d 489 (2002).
The exclusion clause at issue in the present case is plain and unambiguous, and it excludes coverage for "bodily injury" . . . "arising out of an assault and battery." as well as for any act or omission in CT Page 6322 connection with the prevention or suppression of an assault or battery, whether committed intentionally, recklessly or, as alleged in this case, negligently. See Kelly v. Figueiredo, supra, 223 Conn. 35; JeffreyBrothers v. Interstate Fire Casualty Co., supra, Superior Court, Docket No. 421578.
Accordingly, the allegations in the second amended complaint fall within the scope of the exclusions, and that the motion to strike (#107) the third party complaint is therefore be granted, because American Equity does not have a duty to defend and indemnify the defendants.[10]
Because the fourth count in the plaintiffs second amended complaint is based on American Equity's alleged duty to defend and indemnify the defendants, as alleged in the defendants' third party complaint, American Equity's Motion to Strike (#113) the fourth count of the plaintiffs second amended complaint is also granted.
 ___________________ RUSH, J.