[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT GETTY GRANITE COMPANY, L.L.C.'S MOTION TO STRIKE #108
 FACTS
On February 26, 2002, the plaintiff, Kristoffer Sypher, filed a one-count revised complaint, seeking damages for injuries he allegedly sustained while employed by the defendant, Getty Granite Company, L.L.C. (Getty Granite). The plaintiff alleges that on January 29, 2001, he was injured when in the course of his employment he became entangle in the shaft of a large industrial stone saw while the saw was in operation. On May 15, 2002, Getty Granite filed a motion to strike the plaintiff's revised complaint on the ground that the plaintiff's cause of action is barred by the exclusivity provision of the Worker's Compensation Act, General Statutes § 31.284, and that the plaintiff has failed to sufficiently allege any exception to this bar.
 DISCUSSION
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted." Bennett v. Connecticut Hospice,Inc., 56 Conn. App. 134, 136-37, 741 A.2d 349 (1999), cert. denied,252 Conn. 938, 747 A.2d 2 (2000). "We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency . . . [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." CT Page 13404 (Citations omitted; internal quotation marks omitted.) Gazo v.Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) Donar v. King Associates, Inc.,67 Conn. App. 346, 349, 786 A.2d 1256 (2001). "If a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiff's claims is legally sufficient."Kovacs v. Kasper, 41 Conn. Sup. 225, 226, 565 A.2d 18 (1989).
Getty Granite moves to strike the plaintiff's complaint pursuant to the exclusive remedy provision of the Worker's Compensation Act because Getty Granite, "as the employer of the plaintiff, cannot be subject to further suit from its employees unless the plaintiff . . . alleges a cognizable action under the narrow exception of Suarez v. Dickmont Plastics Corp.,229 Conn. 99 (1994) (substantial certainty test (intentional tort exception))." Specifically, "a) Plaintiff fails to allege affirmative conduct on the part of the defendant necessary to maintain an action under the Suarez exception; b) Even if Plaintiff manages to allege affirmative conduct on the part of the defendant, plaintiff still fails to provide a factual basis that allows this Court to conclude that from a purely physical perspective defendant's alleged conduct was substantially certain to cause plaintiff's injures; and/or c) Even if Plaintiff does allege a factual basis establishing that from a purely physical perspective defendant's conduct was substantially certain to cause plaintiff's injuries, plaintiff still fails to provide a factual basis which substantiates that the employer believed that his alleged conduct was substantially certain to result in plaintiff's alleged injuries." (Motion to Strike, May 15, 2002, p. 1.)
The plaintiff argues in opposition that the revised complaint has been properly pleaded and meets the requirements of Suarez v. Dickmont PlasticsCorp., 229 Conn. 99 (1994). The plaintiff also argues that because the court has previously sustained the plaintiff's objection to the defendant's motion to request to revise, that ruling is now the law of the case, and because those pleadings dealt with substantially the same matters at issue in defendant's current motion to strike, they are binding and prevent the court from granting the defendant's motion.[1]
The plaintiff alleges that the defendant "knew or should have known" that the following conduct on the part of the defendant was "substantially certain" to cause injury to the plaintiff: (1) requiring the plaintiff to thaw ice jambs . . .; (2) failing to warn the plaintiff . . .; (3) refusing to allow safer methods to be utilized . . .; (4) failing to provide a protective device on the saw to prevent injuries." CT Page 13405 (Revised Complaint, February 22, 2002, ¶ 6.)
The Workers' Compensation Act bars all common law actions brought by employees against their employer for "job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serous misconduct." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 106,639 A.2d 507 (1994). General Statutes § 31-284 (a) provides in pertinent part: "An employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication . . .
Suarez states the two tests that allow an employee to qualify for the wilful misconduct exception. The first test, the "intentional tort test," allows an employee to bring a common law action against an employer if the employee alleges that the employer intentionally committed the act that injured the employee and that the employer also intended for the employee to be injured. Suarez v. Dickmont Plastics Corp., supra,229 Conn. 110 "Both the action producing the injury and the resulting injury must be intentional." Id., 109. The second test, the "substantial certainty test," allows the employee to bring a common law action against an employer if the employee shows that the employer intentionally committed the act that injured the employee and that the employer knew the act would be substantially certain to result in injury to the employee. Id., 111; see also Suarez v. Dickmont Plastics Corp.,242 Conn. 255, 280, 698 A.2d 838 (1997).
The issue in Suarez was "whether the complaint, deposition and affidavits submitted in opposition to the defendant's motion for summary judgment together sufficiently raise the genuine issue of material fact of whether the defendant employer engaged in an intentional tort or in wilful or serious misconduct, necessary to allow an employee to bring a common law tort action against his employer and thereby avoid the exclusivity of the [Worker's Compensation] [A]ct."[2] Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 106. The Supreme Court held, "Under the circumstances of this case, whether the intentional conduct in which the [employer] engaged was tantamount to a deliberate infliction of harm comparable to an intentional left jab to the chin . . . is a question best left to the jury." (Citation omitted; internal quotation marks omitted.) Id., 112 CT Page 13406
In Suarez, the plaintiff alleged that the defendant " (1) always required the plaintiff and other employees to clean the plastic molding machine while it was in operation; (2) refused to allow the plaintiff or other employees to use safer cleaning methods; and (3) refused to equip the machine with a protective cover or other device in order to prevent injuries to persons operating or cleaning it." Suarez v. DickmontPlastics Corp., supra, 229 Conn. 101. In testimony at the hearing on the motion for summary judgment, the plaintiff testified that "the defendant's foreman, although aware of the dangers involved, had told him that: (1) he could not use a vacuum cleaner to clean the hot material from the machine because it would waste material; (2) the machine could not be turned off during the cleaning because the operator would lose time; and (3) if he used the vacuum cleaner, he would be fired." Id., 102. The plaintiff further alleged that "the foreman had ordered him to clean up during the completion of production, while the machine was still operating, so that the employer could avoid paying personnel overtime. Pursuant to these orders, he was required to reach into the chute with his hand to remove the remaining plastic pellets in the feed chamber to avoid wasting material. [P]laintiff . . . put his hand into the energized machine's feed chute while the machine was operating, thereby causing the plunger to move forward in the injection sleeve and partially amputate two of the plaintiff's right hand fingers.' Id., 103.
The Supreme Court further clarified the substantial certainty test when the defendant in Suarez appealed the jury's judgment for the plaintiff. "Substantial certainty centers on whether the employer believed the injury was substantially certain to follow the employer's acts or conduct, but when substantial certainty is no longer in the case, [t]o bypass the exclusivity of the act, the intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted." (Emphasis in original; internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., supra, 242 Conn. 280-81. The court also noted that employer liability could not be derived from "accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct. . . ." Id., 279. The court overturned the jury's verdict for the employee as there was insufficient evidence to support the jury's finding that the employer specifically intended for the employee to be injured. Id., 278. The court, however, concluded that the "evidence was sufficient to allow an inference that the employer knew that the occurrence of the injury was a substantial certainty. . . ." Id.
In the present case, the defendant argues that the plaintiff's complaint fails to allege affirmative conduct by the defendant and thus CT Page 13407 must fail under Melanson v. West Hartford, 61 Conn. App. 683, 689,767 A.2d 764 (2001) and Ramos v. Branford, 63 Conn. App. 671, 685,778 A.2d 972 (2001). Both Ramos and Melanson state, "Failure to take affirmative remedial action, even if wrongful, does not demonstrate anaffirmative intent to create a situation that causes personal injury." (Emphasis added.) Melanson v. West Hartford, supra, 61 Conn. App. 689, and Ramos v. Branford, supra, 63 Conn. App. 685. Thus, the court in bothRamos and Melanson found the plaintiffs' complaints lacking, because they failed to allege "affirmative intent" by the defendants to create a dangerous situation. Ramos and Melanson stand for the proposition that a complaint must allege an "affirmative intent to create a situation that causes personal injury" and a complaint that only alleges a "wrongful failure to act to prevent injury" will not meet this requirement.Melanson v. West Hartford, supra, 61 Conn. App. 689, n. 6. In the instant case, the plaintiff does allege an affirmative intent to create such a situation in paragraph 6 of the Revised Complaint. "The [plaintiffs] serious injuries were caused by the willful, serious and intentional
misconduct of the defendant. . . ." (Emphasis added.) (Revised Complaint, February 22, 2002, ¶ 6.) Therefore, because the plaintiff's complaint does allege the required intent under Ramos andMelanson, the defendant's argument must fail.
Also, both Ramos and Melanson distinguish themselves from Suarez on the fact that the defendant in Suarez "required", Ramos v. Branford, supra,63 Conn. App. 685, or "directed", Melanson v. West Hartford, supra,61 Conn. App. 689, the plaintiff to "clean an industrial machine while it was still operating," Melanson v. West Hartford, supra, 61 Conn. App. 689. See also Suarez v. Dickmont Plastics Corp., supra, 242 Conn. 260. This very fact, which both cases use to distinguish themselves from Suarez, can be used to analogize the present case. The plaintiff's complaint in the present case states, "Getty Granite required the plaintiff and other employees to thaw ice jambs in the saw's water lines while the saw was running. . . ." (Revised Complaint, February 22, 2002, ¶ 6 (a).) The plaintiffs in both Suarez and the present case were "required" to clean large industrial machines while they were running. Thus, the very fact that both Ramos and Melanson used to distinguish themselves from Suarez, analogizes Suarez to the present case.
Additionally, the plaintiff's complaint in the present case satisfies the first requirement of the "substantially certain test" in Suarez, namely, that the plaintiff allege that the defendant employer intentionally committed the act that resulted in injury to the plaintiff. "[T]he [employer] must have intended . . . the act itself. . . ."Suarez v. Dickmont Plastics Corp., supra, 242 Conn. 280. The plaintiff's complaint does so. "The plaintiffs . . . serious injuries were CT Page 13408 caused by the . . . intentional misconduct of the defendant Getty Granite in one or more of the following respects: (a) in that Getty graniterequired the plaintiff and other employees to thaw ice jambs . . . (c) in that Getty Granite refused to allow the plaintiff or other employees to use other, safer methods of thawing ice jambs . . . (e) in that Getty Granite would not provide a protective device on the aforesaid industrial saw. . . ." (Emphasis added.) (Revised Complaint, February 22, 2002, ¶ 6.) The allegations imply that the plaintiff engage in an act, which if true, might satisfy the first prong of the "substantially certain test." In fact, it was just such a "refusal" to allow the plaintiff inSuarez to clean machinery after it was shut down, that persuaded our Supreme Court to deny summary judgment in Suarez. "We are not prepared to say as a matter of law that the refusal to allow employees to vacuum the machinery after it was been shut down did nothing more than merely set the stage for an accidental injury later, or that it was no more than merely a wilful failure to furnish a safe place to work." Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 111-12. Thus, the plaintiff's complaint does allege that the defendant intended the act that led to the plaintiff's injures, and, therefore, the plaintiff's complaint satisfies the first prong of the "substantially certain test."
The defendant next argues that the plaintiff fails to allege in his complaint that the defendant "believed" his conduct was substantially certain to result in injury to the plaintiff complaint alleges that the defendant "knew or should have known" that the injuries to plaintiff were substantially certain to occur. If the defendant "knew" that the plaintiff's injuries substantially certain to occur, then the defendant also likely "believed" the plaintiff's injuries were substantially certain to occur. As the terms are used in Suarez and in the plaintiff's complaint, they likely are describing the same concept. This language in the plaintiff's "complaint is similar to the language used by the plaintiff in Suarez. "[T]he defendant required [the plaintiff] and other employees to always clean the plastic injection molding machine while it was running, which the defendant knew or should have known was substantially certain to cause injury to the plaintiff or other employees. . . ." (Emphasis added.) Suarez v. Dickmont Plastics Corp., supra, 242 Conn. 262, n. 4. The plaintiff's complaint will not fail simply because a different word was used than that which was articulated in Suarez. Furthermore, the court in Suarez used the word "knew" interchangeably with "believed." "[T]his evidence was sufficient to allow an inference that the employer knew that the occurrence of the injury was a substantial certainty. . . ." (Emphasis added.) Suarez v. DickmontPlastics Corp., supra, 242 Conn. 278. Thus, plaintiff's failure to use the word "believed" in the complaint is not fatal because the plaintiff did allege the necessary element, although the language was not the same CT Page 13409 as used by the Supreme Court in Suarez.
The defendant further argues that the plaintiff has failed to allege a factual basis for each of the required elements of the "substantial certainty test." The defendant is correct that a plaintiff must allege a factual basis for each claim sufficient to meet the two prongs of the substantial certainty test. But in addition to facts directly alleged in the complaint, the court may also take "those facts necessarily implied from the allegations. . . ." (Internal quotation marks omitted.) Gazo v.Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "The `substantial certainty' test . . . allows for a plaintiff to maintain `a cause of action against an employer where the evidence is sufficient to support an inference. . . .'" Suarez v. Dickmont Plastics Corp., supra,229 Conn. 109-10. See also Morocco v. Rex Lumber Co., 72 Conn. App. 516,522 (2002). The plaintiff's complaint alleges, intern alia, that Getty Granite (1) "required the plaintiff . . . to thaw ice jambs in the saw's water lines while the saw was running . . ."; (2) "refused to allow the plaintiff or other employees to use other, safer methods of thawing ice jambs in the saw's water lines . . ."; and (3) "would not provide a protective device on the aforesaid industrial saw. . . ." (Revised Complaint, February 22, 2002, ¶ 6.) These allegations imply that the defendant intended his conduct and believed that this conduct was substantially certain to cause the defendant's injuries. The defendant required the plaintiff to clean a large industrial stone saw while it was operating. The facts alleged in the Revised Complaint, which must be taken as true at this proceeding, imply that defendant engaged in an intentional act that he believed with substantial certainty would result in the plaintiff's injury. "We are not prepared to say as a matter of law that the refusalto allow employees to vacuum the machinery after it has been shutdown did nothing more than merely set the stage for an accidental injury later, or that it was no more than merely a wilful failure to furnish a safe place to work." (Emphasis added.) Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 111-12. Thus, the plaintiff's complaint stated sufficient facts that imply that the plaintiff intentionally engaged in conduct which he knew with substantial certainty would cause the plaintiff's injuries.
 CONCLUSION
The plaintiff's complaint properly alleges sufficient facts and all the elements required to bring a cause of action under Suarez. The plaintiff alleges that the defendant Getty Granite (1) "required the plaintiff . . . to thaw ice jambs in the saw's water lines while the saw was running."; (2) "refused to allow the plaintiff or other employees to use CT Page 13410 other, safer methods of thawing ice jambs in the saw's water lines . . ."; and (3) "would not provide a protective device on the aforesaid industrial saw. . . ." (Revised Complaint, February 22, 2002.) The plaintiff also alleges that defendant "knew or should have known" that this intentional conduct was substantially certain to result in the plaintiff's injuries. Thus, the plaintiff has alleged sufficient facts from which can be inferred that the defendant intentionally engaged in conduct that he knew was substantially certain to cause the defendant's injuries, and, therefore, the defendant's Motion to Strike the Plaintiff's Revised Complaint is DENIED.[3]
 ______________________ D. Michael Hurley, JTR