## ROBIN ISAACS *v.* MARIO OTTAVIANO
### (AC 20161)

Schaller, Spear and Peters, Js.

Argued February 27—officially released September 4, 2001

*Mark F. Kohler,* assistant attorney general, with whom, on the brief was *Richard Blumenthal,* attorney general, for the appellant (intervening plaintiff).

*Cynthia J. Coccomo*, for the appellee (defendant).

*Opinion*

SPEAR, J. The sole issue in this appeal is whether the state of Connecticut (state) waives its sovereign immunity and subjects itself to a counterclaim when it intervenes, pursuant to General Statutes § 31-293,[1] in a personal injury action and seeks reimbursement for

[1] General Statutes § 31-293 (a) provides in relevant part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer . . . a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer or the custodian . . . having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If the employee, the employer or the custodian . . . brings an action against such person, he shall immediately notify the others, in writing . . . and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate. . . . If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer . . . shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures . . . . If the damages . . . are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. . . . Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer . . . a legal liability to pay damages for the injury and the injured employee has received compensation for the injury from such employer, its workers' compensation insurance carrier or the Second Injury Fund pursuant to the provisions of this chapter, the employer, insurance carrier or Second Injury Fund shall have a lien upon any judgment received by the employee against the party or any settlement received by the employee from the party, provided the employer, insurance carrier or Second Injury Fund shall give written notice of the lien to the party prior to such judgment or settlement."

workers' compensation benefits that it paid to the plaintiff employee. The state claims that the trial court improperly denied its motion to dismiss the defendant's counterclaim for indemnification and contribution because the state had not waived sovereign immunity and, therefore, the court lacked subject matter jurisdiction.[2] We agree with the state and, accordingly, reverse the judgment of the trial court.

The plaintiff, Robin Isaacs, a state employee, injured herself in a slip and fall accident on premises leased by the state from the defendant, Mario Ottaviano. The plaintiff sought and was awarded workers' compensation benefits from the state.

On July 18, 1997, the plaintiff commenced a personal injury action against the defendant. Thereafter, the defendant filed a notice of claim with the claims commissioner, pursuant to General Statutes § 4-160 (a),[3] seeking permission to bring an action against the state.[4] The commissioner denied the claim on April 20, 1998. On March 2, 1999, the state filed an intervening complaint in the action, pursuant to § 31-293 (a), seeking reimbursement for all amounts that it had paid and would be obligated to pay to the plaintiff under the Workers' Compensation Act, General Statutes § 31-275 et seq.

On August 5, 1999, the defendant filed a counterclaim for indemnification against the state, alleging that the

---

[2] Our Supreme court held in *Shay* v. *Rossi*, 253 Conn. 134, 166–67, 749 A.2d 1147 (2000) (en banc), that the denial of a motion to dismiss that is based on sovereign immunity is an appealable final judgment.

[3] General Statutes § 4-160 (a) provides: "When the Claims Commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable."

[4] The defendant claimed that the state agreed in the lease to provide and pay for janitorial services, rubbish removal and groundskeeping. The defendant sought indemnification for any and all sums resulting from the plaintiff's suit as well as permission to implead the state and file a third party complaint against the state.

state had breached its lease with him by failing to keep the premises safe and, therefore, was liable for the plaintiff's injuries. The court denied the state's motion to dismiss the defendant's counterclaim, and this appeal followed.

It is well settled that the state is immune from suit unless it waives sovereign immunity by appropriate legislation. Without such a waiver, courts do not have subject matter jurisdiction over a claim against the state. *Brennan* v. *Fairfield*, 58 Conn. App. 191, 195, 753 A.2d 396 (2000), rev'd on other grounds, 255 Conn. 693, 768 A.2d 433 (2001). Whether a court has subject matter jurisdiction is a question of law and, therefore, our review is plenary. Id.

The state claims that the statute permitting intervention for reimbursement for the payment of workers' compensation benefits does not constitute the type of express authorization that signals legislative abrogation of sovereign immunity. The defendant does not claim an express statutory waiver of immunity, but responds that the state waived immunity by its conduct in voluntarily intervening in the litigation. He claims that where the state seeks affirmative relief by way of litigation, it cannot then use sovereign immunity to shield itself from a counterclaim.

Because there is no dispute that there is no statutory waiver of immunity, we must resolve whether the state's filing of an intervening complaint constituted an implied waiver of immunity, pursuant to the line of cases on which the defendant relies. We conclude that those cases are inapposite in the circumstances here and, therefore, the state did not waive its immunity.

The defendant relies on *Lacasse* v. *Burns*, 214 Conn. 464, 572 A.2d 357 (1990), *State* v. *Hartford Accident & Indemnity Co.*, 136 Conn. 157, 70 A.2d 109 (1949), *Reilly* v. *State*, 119 Conn. 217, 175 A. 582 (1934), *State* v. *Kilb-*

*urn*, 81 Conn. 9, 69 A. 1028 (1908), and *State* v. *Lex Associates*, judicial district of Hartford-New Britain at Hartford, Housing Session, Docket No. 4259 (December 4, 1995) (15 Conn. L. Rptr. 611), rev'd in part on other grounds, 248 Conn. 612, 730 A.2d 38 (1999).

In *Lacasse*, the issue was whether the accidental failure of suit statute applied, where the state had consented to be sued pursuant to General Statutes § 13a-144.[5] The Supreme Court determined that once the state waives its immunity, the procedural statutes and rules of court apply to the state just as they apply to any other litigant. In *State* v. *Hartford Accident & Indemnity Co.*, supra, 136 Conn. 160 n.1, the state brought the action, but the defendant was authorized by special statute to pursue its counterclaim. The court noted, in dictum, that the authorization was not necessary because the state had brought the action. Id. Whether the state had waived sovereign immunity by instituting an action was not an issue in either *Lacasse* or *Hartford Accident & Indemnity Co.* because the state's immunity had been waived by statute.

In *Reilly*, *Kilburn* and *Lex Associates*, the state had not waived its sovereign immunity, but in each instance the court held that by bringing the action, the state subjected itself to the claims of the defendant. In *Reilly*, the state made a claim against the trustee of an estate, in *Kilburn*, the state sought to foreclose a school fund mortgage and in *Lex Associates*, the state brought an

[5] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ."

action to enforce a purchase option clause that was contained in a lease between it and the defendant.

Those cases do not avail the defendant because here, the state did not initiate any litigation against the defendant.[6] The employer's claim is a derivative one that depends on the injured employee recovering against the defendant. See *Quire* v. *Stamford*, 231 Conn. 370, 376, 650 A.2d 535 (1994); see also *Doucette* v. *Pomes*, 247 Conn. 442, 467–69, 724 A.2d 481 (1999). The intervening employer's complaint "does not enlarge the amount of the recovery. . . . Rather, the employer may only obtain reimbursement for workers' compensation benefits paid to its employee from any damages recovered by the employee." *Quire* v. *Stamford*, supra, 377.

In the cases relied on by the defendant, the state sought to affirmatively establish the defendant's liability to the state. The rationale for allowing counterclaims where the state brings such an action is simple fairness. To allow the state to invoke the jurisdiction of the court to seek to establish that a defendant is liable to it and yet allow it to shield itself from a counterclaim by way of sovereign immunity would be patently unfair. That rationale simply does not apply here, where the state's claim is derivative, does not enlarge the defendant's liability and does not seek to establish that the defendant is liable to the state. For those reasons, the state did not waive its immunity by intervening, and the court improperly denied the state's motion to dismiss.[7]

Moreover, to construe the state's intervening complaint as a waiver of sovereign immunity would run

---

[6] We are not called on to determine whether the state waives immunity if it, rather than its employee, brings the action pursuant to § 31-293 (a).

[7] The defendant also claims that the judgment should be affirmed because the state had the alternative of placing a lien on any judgment for the plaintiff. He asserts that by intervening, the state became a *voluntary* litigant, thereby waiving sovereign immunity. That assertion is not supported by any reasoning or authority, and we conclude that it is without merit.

contrary to one of the "four overlapping principles that inform the rights established by § 31-293 (a)." *Durniak v. August Winter & Sons, Inc.*, 222 Conn. 775, 779, 610 A.2d 1277 (1992). One of those principles is that "the statute protects an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action." Id. To imply a waiver of sovereign immunity by the state's intervention would expose the state to a loss of its reimbursement. If the plaintiff were to prevail against the defendant, the state's recovery from the plaintiff's judgment would be negated if the defendant were successful on the counterclaim.

Finally, the defendant claims that the court's judgment should be affirmed pursuant to a footnote in *Durniak*.[8] The *Durniak* court held that a third party tortfeasor may not raise the negligence of the plaintiff's employer as a special defense when the employer has intervened in the personal injury action, pursuant to § 31-293 (a), to recover the workers' compensation benefits paid. In a footnote, the court commented that "[a] different result might follow if the special defense alleged not merely the negligence of the employer but included some other basis for liability such as the existence of an independent relationship between the defendant and the employer." Id., 782 n.5.

The defendant asserts that his lease with the state created an independent relationship that fits within the *Durniak* exception. Even if that is so, the defendant fails to show how the exception abrogates the state's

---

[8] Although not so designated, we treat the defendant's claim as an alternate ground on which the judgment may be affirmed. Both parties have briefed the issue. See Practice Book § 63-4 (a) (1) (A).

sovereign immunity. His claim would be viable only if we were to agree that the state had waived its immunity by filing the intervening complaint. Because we have rejected the defendant's waiver of immunity theory, we need not decide whether the *Durniak* exception applies.

The judgment is reversed and the case is remanded with direction to dismiss the defendant's counterclaim for lack of subject matter jurisdiction.

In this opinion the other judges concurred.