BENJAMIN J. EGRI *v.* MICHAEL R. FOISIE ET AL.
(AC 23738)

Lavery, C. J., and Flynn and McLachlan, Js.

Argued February 18—officially released June 8, 2004

*Max F. Brunswick,* with whom, on the brief, was *Richard A. Knapp,* for the appellant (plaintiff).

*Paul T. Nowosadko,* with whom, on the brief, was *Lorinda S. Coon,* for the appellee (defendant state of Connecticut).

*Opinion*

McLACHLAN, J. The plaintiff, Benjamin J. Egri, appeals from the judgment of dismissal for lack of subject matter jurisdiction. At issue is whether a motion to dismiss is the proper procedural vehicle by which to challenge the plaintiff's pleadings. For the reasons set forth in this opinion, we reverse the judgment of the trial court and remand the case to that court for further proceedings.

The relevant facts are as follows. On June 6, 1999, Michael R. Foisie, an employee of the department of environmental protection (department), was operating a motor vehicle owned by the state of Connecticut on Turkey Hill Road in Haddam. Foisie observed three adults, one of whom was the plaintiff, on dirt bike motorcycles driving from an area of state forest. Noticing that two of the motorcycles had no registration plates, he activated his lights in an attempt to stop them. Rather than stopping, as required by General Statutes § 14-223, the drivers continued on until the plaintiff's motorcycle collided with one operated by David D.

Galemba. The plaintiff was thrown to the roadway, causing injuries.

Thereafter, the plaintiff instituted an action predicated on Foisie's negligence.[1] Specifically, the plaintiff alleged that Foisie negligently engaged him in a high speed pursuit, thereby causing the plaintiff's injuries.[2] The complaint named Foisie, the state of Connecticut and the department as defendants.[3]

[1] The complaint did not explicitly state any statutory causes of action, nor did the defendant state of Connecticut file a request to revise as provided for in Practice Book § 10-35. The state claims that the plaintiff failed to comply with Practice Book § 10-3 (a), which instructs in relevant part that "[w]hen any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." In *Spears* v. *Garcia*, 66 Conn. App. 669, 676, 785 A.2d 1181 (2001), aff'd, 263 Conn. 22, 818 A.2d 37 (2003), this court held that the failure to comply with the directive of Practice Book § 10-3 (a) will not necessarily bar recovery as long as the defendant is sufficiently apprised of the applicable statute during the course of the proceedings. It is uncontested that the state was so apprised in this case.

[2] The plaintiff asserted that his injuries were caused by the negligence of Foisie in one or more of the following ways: (1) he negligently pursued the operators of the dirt bikes and the plaintiff in a high speed chase and pursuit; (2) he engaged the operators of the dirt bikes and the plaintiff in a high speed chase and pursuit when that was not reasonably and not absolutely necessary; (3) he engaged the operators of the dirt bikes and the plaintiff in a high speed chase and pursuit when the risk of accident and injury was high and unreasonable under the circumstances; (4) he engaged the operators of the dirt bikes and the plaintiff in a high speed chase and pursuit when the persons being pursued presented no clear and present danger to others or to themselves so as to justify or offset the danger involving speeding vehicles; (5) he engaged the operators of the dirt bikes and the plaintiff in a high speed chase and pursuit for minor alleged motor vehicle misdemeanors or violations, thereby subjecting the plaintiff and the other dirt bike operators to the risk of accident and serious injuries; (6) he failed to immediately terminate the high speed chase and pursuit when the risk of accident was great, and he exceeded the possibility of allegedly apprehending the plaintiff and the other dirt bike operators; and (7) he engaged the plaintiff in a high speed chase and pursuit without due regard and without reasonable regard for the safety of the plaintiff dirt bike operator and the other dirt bike operators.

[3] The action against Foisie was withdrawn on March 11, 2002. On December 4, 2002, the court granted the motion to dismiss filed by the department of environmental protection. On December 10, 2002, the court granted the

In response, the defendant filed an answer[4] and two special defenses. The first special defense alleged that the plaintiff's injuries were the result of his carelessness and negligence.[5] The second special defense asserted that as Foisie was in the performance of his duties at the time of the alleged incident, his actions were entitled to the exemptions and protections provided by General Statutes § 14-290.

On the eve of trial, the defendant filed a motion to dismiss on the ground of sovereign immunity. The plaintiff filed an objection to that motion, asserting that the defendant had waived its immunity pursuant to General Statutes § 52-556.[6] In a memorandum of decision filed December 10, 2002, the court concluded that the complaint lacked "any common-law motor vehicular negligence allegations. . . . The actions alleged by the

motion to dismiss filed by the state of Connecticut and rendered judgment in accordance therewith, from which the plaintiff appealed to this court. We therefore refer in this opinion only to the state of Connecticut as the defendant.

[4] The answer stated that at all relevant times, Foisie was operating a motor vehicle owned by the defendant in his capacity as an employee, agent and servant of the defendant.

[5] The first special defense asserted that the plaintiff was negligent in one or more of the following ways: (1) by traveling at an unreasonable and dangerous speed or being in violation of General Statutes § 14-218a; (2) by attempting to suddenly and unreasonably stop or divert his vehicle onto a dirt road or path off Turkey Hill Road; (3) by operating his vehicle in a negligent or unreasonably dangerous manner in light of all the circumstances then and there present; (4) by failing to keep a proper lookout in light of all circumstances then and there present; (5) by failing to maintain proper control of his vehicle; (6) by attempting to flee a department official in violation of General Statutes § 14-223; and (7) by operating his vehicle in the left lane in violation of General Statutes § 14-230.

[6] General Statutes § 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." Section 52-556 "creates a cause of action against the state and represents a statutory exception to the common law rule of sovereign immunity." *Rivera* v. *Fox*, 20 Conn. App. 619, 622, 569 A.2d 1137, cert. denied, 215 Conn. 808, 576 A.2d 538 (1990).

plaintiff are insufficient to allege the negligent operation of a state owned and insured motor vehicle. Thus, they are insufficient to allege a waiver of sovereign immunity pursuant to § 52-556 . . . ." Accordingly, a judgment of dismissal for lack of subject matter jurisdiction was rendered.[7] This appeal followed.

This case causes us to consider the function of two motions that are basic to our civil procedure, the motion to dismiss and the motion to strike. The motion to dismiss is governed by Practice Book §§ 10-30 through 10-34. Properly granted on jurisdictional grounds, it essentially asserts that, as a matter of law and fact, a plaintiff cannot state a cause of action that is properly before the court. *Third Taxing District* v. *Lyons*, 35 Conn. App. 795, 803, 647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994); see Practice Book § 10-31. By contrast, the motion to strike attacks the sufficiency of the pleadings. Practice Book § 10-39; see also 1 E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997) § 72 (a), pp. 216–17.

The defendant in the present case filed a motion to dismiss, which the court granted. The principal issue in this appeal is whether that motion was the proper procedural vehicle by which to challenge the plaintiff's pleadings. We hold that it was not and accordingly reverse the judgment.

There is a significant difference between asserting that a plaintiff *cannot* state a cause of action and asserting that a plaintiff *has not* stated a cause of action, and therein lies the distinction between the motion to dismiss and the motion to strike. The defendant acknowledged, in the office of the claims commissioner, in which the plaintiff also filed a claim for damages,[8]

---

[7] The plaintiff filed a motion for articulation on January 15, 2003, which the court denied.

[8] On February 17, 2000, the plaintiff filed a claim, identical to that presented in his complaint, with the office of the claims commissioner. On March 22, 2000, the defendant filed with that office a motion to dismiss, stating in

and in court, that the plaintiff *can* potentially state a claim under § 52-556.[9] As the court correctly stated in its memorandum of decision, the defendant's motion to dismiss argued that the plaintiff *had not* stated a cause of action under § 52-556. Such is not the function of the motion to dismiss.

"A motion to dismiss does not test the sufficiency of a cause of action and should not be granted on other than jurisdictional grounds." *Caltabiano* v. *Phillips*, 23 Conn. App. 258, 265, 580 A.2d 67 (1990); see also 1 R. Dupont, Connecticut Civil Practice (2003 Ed.) § 10-31.1, p. 472. As our Supreme Court has explained: "A motion to dismiss is not a proper vehicle for an attack on the sufficiency of a pleading. . . . Here it was used to perform, in effect, the function of a [motion to strike] . . . . This was improper, and on this ground . . . the court should have denied the motion. Especially is this so, since the rule of court . . . granting a right to plead over after [the motion to strike] would not apply to [a] motion to dismiss." (Citations omitted.) *Glens Falls Ins. Co.* v. *Somers*, 146 Conn. 708, 712–13, 156 A.2d 146 (1959); see also *Pratt* v. *Old Saybrook*, 225 Conn. 177, 185, 621 A.2d 1322 (1993); *Baskin's Appeal from Probate*, 194 Conn. 635, 640, 484 A.2d 934 (1984).

In *Gurliacci* v. *Mayer*, 218 Conn. 531, 590 A.2d 914 (1991), the court confronted a similar situation in which a motion to dismiss was utilized to challenge the suffi-

relevant part that § 52-556 " 'applies to this claim and the claim should be dismissed.' " In an order dated September 5, 2000, the claims commissioner dismissed the plaintiff's claim because "§ 52-556 provides [a] direct action against the state" in this instance.

[9] The plaintiff also argues that because the claims commissioner determined that § 52-556 provides a direct action against the state, the defendant's motion to dismiss was precluded by res judicata and collateral estoppel. Because we conclude that the motion to dismiss was improper, we need not address that claim. We note that irrespective of the merits of that claim, the defendant's arguments before and the determination of the claims commissioner are relevant considerations that inform our analysis.

ciency of the pleadings. The court stated that "the fact that the plaintiff's complaint failed to allege facts that would have removed it from the operation of . . . immunity . . . merely reflects that the complaint failed to state a legally sufficient cause of action." Id., 544. Because the challenge was to the legal sufficiency of the complaint, the court held that the motion to dismiss was improper. Id. The court concluded that "the plaintiff's complaint was within the trial court's subject matter jurisdiction, albeit subject to a motion to strike for failure to state a legally sufficient claim . . . ." Id., 545. Like the defect in *Gurliacci*, the defect in the plaintiff's complaint here is not jurisdictional in nature. Rather, it simply failed to state a legally sufficient claim.

Indeed, the court's decision was predicated on the insufficiency of the pleadings. In its memorandum of decision, the court explained that the complaint lacked "any common-law motor vehicular negligence allegations. . . . The actions alleged by the plaintiff are *insufficient* to allege the negligent operation of a state owned and insured motor vehicle." (Emphasis added.)

The distinction between the motion to dismiss and the motion to strike is not merely semantic. If a motion to dismiss is granted, the case is terminated, save for an appeal from that ruling. *Baskin's Appeal from Probate*, supra, 194 Conn. 640. The granting of a motion to strike, however, ordinarily is not a final judgment because our rules of practice afford a party a right to amend deficient pleadings. See Practice Book § 10-44.

That critical distinction implicates a fundamental policy consideration in this state. Connecticut law repeatedly has expressed a policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his or her day in court. *Coppola* v. *Coppola*, 243 Conn. 657, 665, 707 A.2d 281 (1998); *Snow* v. *Calise*, 174 Conn. 567, 574, 392 A.2d 440 (1978).

"Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure. *Greco* v. *Keenan*, 115 Conn. 704, 705, 161 A. 100 [1932]." *Johnson* v. *Zoning Board of Appeals*, 166 Conn. 102, 111, 347 A.2d 53 (1974); see *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 400, 655 A.2d 759 (1995) (claim of lack of subject matter jurisdiction). For that reason, "[a] trial court should make every effort to adjudicate the substantive controversy before it, and, where practicable, should decide a procedural issue so as not to preclude hearing the merits of an appeal." *Killingly* v. *Connecticut Siting Council*, 220 Conn. 516, 522, 600 A.2d 752 (1991).

In the present case, the plaintiff filed a complaint sounding in negligence. In the office of the claims commissioner, the defendant insisted that the plaintiff could indeed maintain an action under § 52-556. At oral argument, the court stated in relevant part that "if I look at [the plaintiff's] pleadings . . . in view of the pleadings in the plaintiff's best light, [they] can state a cause of action under § 52-556." The defendant's subsequent motion to dismiss and the court's memorandum of decision on that motion both concluded that the plaintiff's pleadings were insufficient to state a cause of action. Such a determination may be made properly only through a motion to strike.[10] See *Gurliacci* v. *Mayer*, supra, 218 Conn. 544. We therefore conclude that the plaintiff's complaint was within the court's subject mat-

_____

[10] We note that in some cases in which the plaintiff is unable to demonstrate that anything could be added to the complaint by way of amendment that would avoid the deficiencies in the original complaint, the granting of a motion to dismiss has been found harmless despite its procedural impropriety. See *McCutcheon & Burr, Inc.* v. *Berman*, 218 Conn. 512, 528, 590 A.2d 438 (1991). At oral argument, the plaintiff indicated that when repleading, he could present facts sufficient to allege the negligent operation of a state owned and insured motor vehicle.

ter jurisdiction, albeit subject to a motion to strike for failure to state a legally sufficient claim. The motion to strike is the proper procedural vehicle by which to challenge the sufficiency of a plaintiff's pleadings. For that reason, the court improperly granted the defendant's motion to dismiss.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.