PATRICK MULCAHY *v.* MICHAEL MOSSA
(AC 25209)

Schaller, Dranginis and Dupont, Js.

Argued January 13—officially released May 17, 2005

*Jason L. McCoy*, for the appellant (defendant).

*Lorinda S. Coon*, with whom, on the brief, was *William J. Scully*, for the appellee (intervening plaintiff).

*Opinion*

DUPONT, J. The defendant, Michael Mossa, appeals from the judgment of the trial court dismissing his counterclaim against the intervening plaintiff, the state of Connecticut (state). The defendant claims on appeal that the court improperly concluded that the doctrine of sovereign immunity and the two year statute of limitations in General Statutes § 52-584[1] barred his counterclaim. We reverse the judgment of the trial court.

## I

## FACTUAL AND PROCEDURAL HISTORY

The following factual and procedural history is relevant to our resolution of the defendant's claim. On December 26, 2001, the plaintiff, Patrick Mulcahy, a Connecticut state trooper, brought an action against the defendant for personal injuries he sustained on January 17, 2000, as a result of a collision between the

---

[1] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, *except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.*" (Emphasis added.)

state owned car he was driving and the defendant's car. On March 12, 2002, the state, Mulcahy's employer at the time of the accident, filed a motion to intervene and an intervening complaint pursuant to General Statutes § 31-293 (a),[2] seeking reimbursement for payments it had made or would be obligated to make under the Workers' Compensation Act, General Statutes § 31-275 et seq. On March 26, 2002, the defendant filed an answer and a special defense to the intervening complaint.

On April 1, 2002, the defendant filed a counterclaim, naming both Mulcahy and the state in the caption, but containing allegations against Mulcahy only. On April

[2] General Statutes § 31-293 (a) provides in relevant part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer . . . a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer or the custodian of the Second Injury Fund, having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If the employee, the employer or the custodian of the Second Injury Fund brings an action against such person, he shall immediately notify the others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate. . . . Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer . . . a legal liability to pay damages for the injury and the injured employee has received compensation for the injury from such employer, its workers' compensation insurance carrier or the Second Injury Fund pursuant to the provisions of this chapter, the employer, insurance carrier or Second Injury Fund shall have a lien upon any judgment received by the employee against the party or any settlement received by the employee from the party, provided the employer, insurance carrier or Second Injury Fund shall give written notice of the lien to the party prior to such judgment or settlement."

9, 2002, the defendant filed an answer and special defense to Mulcahy's complaint. On April 22, 2002, the court granted the state's motion to intervene. On December 19, 2003, the state filed a reply to the defendant's special defense to its intervening complaint. On December 29, 2003, the defendant filed a request for leave to amend his counterclaim to bring a claim against the state pursuant to General Statutes § 52-556.[3]

On January 9, 2004, the state filed a motion to dismiss the defendant's counterclaim. On January 20, 2004, after the parties agreed that the court would hear the state's motion to dismiss before ruling on the defendant's request to amend his counterclaim, the court heard argument on the state's motion. On January 28, 2004, the court granted the state's motion to dismiss the defendant's counterclaim and rendered judgment in favor of the state. This appeal followed.

II

## DISMISSAL OF THE DEFENDANT'S COUNTERCLAIM AGAINST THE STATE

On appeal, the defendant contends that the court improperly concluded that his counterclaim against the state was barred by the doctrine of sovereign immunity and § 52-584. In support of his claim, the defendant argues that § 52-556, which expressly provides for a right of action in negligence when a person is injured through the negligence of any state official or employee operating a motor vehicle owned and insured by the state, is applicable in this case, and, therefore, the doctrine of sovereign immunity could not be applied to bar

---

[3] General Statutes § 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury."

his counterclaim. The defendant also argues that the state's action against him, brought pursuant to § 31-293 (a), is controlled by § 52-584, which provides that counterclaims may be filed at any time prior to the close of pleadings in such actions, and, therefore, the court improperly dismissed his counterclaim against the state.

The state counters that by moving to intervene as a party plaintiff under § 31-293 (a), it did not consent to a suit against it or waive sovereign immunity. The state further contends that § 52-556 does not authorize the defendant's counterclaim because (1) it was not made within two years of the date of the accident giving rise to the claim and (2) the exception clause in § 52-584 for counterclaims does not apply in this case. Finally, the state cites two alternative grounds for concluding that the court properly dismissed the defendant's counterclaim: (1) the counterclaim was premature and (2) it was not pleaded in the answer as required by Practice Book § 10-54.

The standard of review concerning an appeal from the granting of a motion to dismiss is well established. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Neiman* v. *Yale University*, 270 Conn. 244, 250–51, 851 A.2d 1165 (2004). Whether the trial court has subject matter jurisdiction is a question of law over which we exercise a plenary standard of review. Id., 251. Because the defendant's claim involves the proper application of §§ 31-293 (a), 52-556 and 52-584 to an undisputed factual scenario and because statutory construction is a question of law, our review of

the court's application of those statutes is plenary. *Charles* v. *Charles*, 243 Conn. 255, 258, 701 A.2d 650 (1997), cert. denied, 523 U.S. 1136, 118 S. Ct. 1838, 140 L. Ed. 2d 1089 (1998).

## A

### Waiver of Sovereign Immunity

We first address the defendant's argument that the court improperly concluded that the state's intervention in this case did not operate as a waiver of sovereign immunity. The court, relying on *Isaacs* v. *Ottaviano*, 65 Conn. App. 418, 783 A.2d 485 (2001), held that if it allowed "the filing of a counterclaim against the state when [the state] has intervened simply to seek reimbursement of workers' compensation benefits it has paid, that would violate the principles stated in *Isaacs*. If the provisions of . . . § 52-584 are construed to extend the time in which an action can be brought against the state pursuant to General Statutes § 52-556 where the state has so intervened that would, in essence, constitute a determination that such intervention operated as a waiver of sovereign immunity because, absent such intervention, such a suit would not have been permitted. This is contrary to the explicit holding of *Isaacs*."

In *Isaacs*, the issue before the court was whether the state waives its sovereign immunity and subjects itself to a counterclaim for indemnification and contribution when it intervenes, pursuant to § 31-293, in a personal injury action and seeks reimbursement for workers' compensation benefits that it paid to the plaintiff employee. Id., 419–20. *Isaacs* is distinguishable from this case in two important ways. First, *Isaacs* did not involve a statutory waiver of sovereign immunity. The issue, therefore, was whether intervention pursuant to § 31-293 (a), by itself, operated as a waiver of sovereign immunity. Second, in his counterclaim, the defendant

in *Isaacs* sought indemnification and contribution for any damages for which he might become liable in connection with the plaintiff's action for negligence. Id., 421. Concluding that the state does not waive sovereign immunity by intervening pursuant to § 31-293 (a), this court held that "to construe the state's intervening complaint as a waiver of sovereign immunity would run contrary to one of the four overlapping principles that inform the rights established by § 31-293 (a). . . . One of those principles is that the statute protects an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action. . . . To imply a waiver of sovereign immunity by the state's intervention would expose the state to a loss of its reimbursement. If the plaintiff were to prevail against the defendant, the state's recovery from the plaintiff's judgment would be negated if the defendant were successful on the counterclaim." (Citations omitted; internal quotation marks omitted.) Id., 423–24.

We conclude that *Isaacs* is inapposite to the present case. Here, the defendant had an independent, statutory cause of action sounding in tort against the state pursuant to § 52-556. He could have brought a viable action for negligence against the state irrespective of whether the state chose to intervene under § 31-293 (a). In *Isaacs*, the defendant did not have a cause of action against the state.[4] The concern addressed by *Isaacs*, namely, whether, in the absence of a statutory waiver of sovereign immunity, intervention under § 31-293 (a) operates as a waiver of sovereign immunity, is simply not present in this case.

---

[4] The defendant in *Isaacs* had filed a notice of claim with the claims commissioner pursuant to General Statutes § 4-160 (a), seeking permission to bring an action against the state. *Isaacs* v. *Ottaviano*, supra, 65 Conn. App. 420. The commissioner denied the claim. Id.

B

Statute of Limitations

We next address the defendant's claim that the state's cause of action is subject to § 52-584, and, therefore, the counterclaim exception in that statute applies, permitting the otherwise untimely counterclaim filed by the defendant. We begin by observing that it is well established that the statute of limitations that governs the underlying action in which an employer seeks to intervene pursuant to § 31-293 (a) also governs the intervening action. "Since an intervening employer's statutory right to reimbursement depends on the liability of the third party to the employee, the statute of limitations applicable to the employer's right of action must be the same as that governing the employee's underlying action against the tortfeasor." *Packtor* v. *Seppala & AHO Construction Co.*, 33 Conn. App. 422, 431, 636 A.2d 383, appeal dismissed, 231 Conn. 367, 650 A.2d 534 (1994); see also *Nichols* v. *Lighthouse Restaurant, Inc.*, 246 Conn. 156, 170, 716 A.2d 71 (1998) (holding that when employer receives formal notice under § 31-293 [a] of employee's timely filed action against third party tortfeasor, applicable statute of limitations on underlying claim, § 52-584, is tolled if employer intervenes within thirty day period prescribed by § 31-293 [a]).

The court in this case held that § 52-584 "does not allow for the filing of a counterclaim, beyond the time set forth in the applicable statute of limitations, against an intervening plaintiff, where the intervening complaint does not sound in negligence, but [rather] in a statutory cause of action for reimbursement of workers' compensation benefits paid or to be paid." We disagree.

To resolve this issue, it is necessary for us to review the relationship among §§ 31-293 (a), 52-556 and 52-584. The principles of statutory construction are well

established. "When construing a statute, we first look to its text, as directed by [General Statutes § 1-2z], which provides: 'The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered.' When a statute is not plain and unambiguous, we also seek interpretive guidance from the legislative history of the statute and the circumstances surrounding its enactment, the legislative policy it was designed to implement, the statute's relationship to existing legislation and common-law principles governing the same general subject matter." *Teresa T.* v. *Ragaglia*, 272 Conn. 734, 742, 865 A.2d 428 (2005).

"General Statutes § 31-293 specifically grants an employer who has paid workers' compensation benefits to an employee the right to join as a party plaintiff in the employee's action against a third party tortfeasor. . . . It is an independent derivative action. . . . It is a statutory and substantive right to reimbursement that is in effect one of subrogation to the right of the injured employee to recover for the tort committed against him. . . . An employer who has paid, or by award has become obligated to pay, compensation may also sue the third party in his own name directly for reimbursement. If either the employer or the employee sues the third party, the other is entitled to notice and an opportunity to join in the action. . . . An employer's sole means to assert any right against the plaintiff's third party recovery [is] by way of the procedure set forth in § 31-293." (Citations omitted; internal quotation marks omitted.) *Packtor* v. *Seppala & AHO Construction Co.*, supra, 33 Conn. App. 430.

"Since an intervening employer's statutory right to reimbursement depends on the liability of the third party to the employee, the statute of limitations applicable to the employer's right of action must be the same as that governing the employee's underlying action against the tortfeasor." Id., 431. In this case, there is no dispute that § 52-584 is the statute of limitations governing Mulcahy's action against the defendant and that § 52-584 governs the state's claim against the defendant. The question is whether the exception in § 52-584, allowing counterclaims at any time before the pleadings are finally closed, governs the defendant's counterclaim against the state, which rests on § 52-556.

Section 52-584, which applies to actions sounding in tort, provides in relevant part: "No action . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed." The defendant's counterclaim against the state sounds in tort; it alleges that the defendant suffered personal injuries through the negligence of Mulcahy, a state employee, while operating a motor vehicle. Section 52-556 expressly waives sovereign immunity in such cases. Section 31-293 (a) establishes an employer's independent, although derivative, right of action against third party tortfeasors. An action by an employer pursuant to § 31-293 (a) is, therefore, an action sounding in tort because it provides for an independent action by the employer against third party tortfeasors. See *Nichols* v. *Lighthouse Restaurant, Inc.*, supra, 246 Conn. 164. It follows, therefore, that the state's action brought pursuant to § 31-293 (a) is governed by § 52-584. See id., 165. As an action sounding in tort, the state's action falls squarely within actions contemplated by the exception for counterclaims pro-

vided for in § 52-584. Our review of §§ 31-293 (a), 52-556 and 52-584 compels us to conclude that the legislature has given no indication that the state is to be treated in a manner different from any other counterclaim defendant with respect to the exception for counterclaims in § 52-584, or that actions brought pursuant to § 31-293 (a) should be considered something other than actions sounding in tort.

Section 52-584 expressly provides that a counterclaim may be filed at any time prior to the close of pleadings, irrespective of whether the statute of limitations governing the counterclaim has run. The defendant in this case filed his counterclaim before the close of pleadings. The court, therefore, improperly dismissed the defendant's counterclaim against the state.

### III

### ALTERNATIVE GROUNDS FOR AFFIRMANCE

The state raises two alternative grounds on which this court may affirm the court's dismissal of the defendant's counterclaim. First, the state argues that the defendant filed his counterclaim before the court granted the state's motion to intervene pursuant to § 31-293 (a), and, therefore, before the state became a party to the action. Second, the state argues that the defendant failed to file his counterclaim properly pursuant to Practice Book § 10-54.[5] Specifically, the state claims that the defendant failed to file his counterclaim with his answer to the state's intervening complaint.

### A

### Lack of Personal Jurisdiction

The state's first alternative ground for affirming the court's judgment essentially claims lack of personal

---

[5] Practice Book § 10-54 provides: "In any case in which the defendant has either in law or in equity or in both a counterclaim, or right of setoff, against the plaintiff's demand, the defendant may have the benefit of any such setoff or counterclaim by pleading the same as such in the answer, and demanding

jurisdiction because, at the time the defendant filed his counterclaim, the state was not yet a party. Under Practice Book § 10-30, a party "wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Unlike defects in subject matter jurisdiction, which may not be waived, a party waives any objection to a court's personal jurisdiction unless that party files a motion to dismiss within thirty days of the filing of an appearance. *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 32, 848 A.2d 418 (2004); see also Practice Book §§ 10-30 and 10-32. In this case, the state filed an appearance on March 12, 2002, along with its motion to intervene and its intervening complaint. The court granted the state's motion to intervene on April 22, 2002. As previously noted, the defendant filed his counterclaim against the state on April 1, 2002. The state did not file its motion to dismiss for lack of personal jurisdiction until January 9, 2004. The state, therefore, waived its right to object to the court's personal jurisdiction.

B

Defect in Pleading Counterclaim

The state's second alternative ground for affirming the judgment of the court is addressed to a technical defect regarding the defendant's counterclaim, namely, it was not filed with the defendant's answer to the intervening complaint as required by Practice Book § 10-54. In support of its argument, the state cites *Holland* v. *East Coast Tile & Marble Co.*, Superior Court, judicial district of Fairfield, Docket No. 282208 (June 22, 1993), for the proposition that failure by the defendant to file his counterclaim with his answer to the state's intervening complaint is, in and of itself, a suffi-

judgment accordingly; and the same shall be pleaded and replied to according to the rules governing complaints and answers."

cient ground for dismissal. It should be noted that the court in *Holland* also held that "the counterclaim as presently constituted is inappropriate because the defendant cannot recover against [the state] in negligence based upon the exclusivity provisions of the Workers' Compensation Act . . . ." Id. The *Holland* court concluded, therefore, that the defendant could not, as a matter of law, state a cause of action against the state.

We begin by noting that the state's second alternative ground for affirming the court's judgment neither implicates the court's subject matter jurisdiction; see *State* v. *Carey*, 222 Conn. 299, 307, 610 A.2d 1147 (1992) (rules of practice do not ordinarily define subject matter jurisdiction), on appeal after remand, 228 Conn. 487, 636 A.2d 840 (1994); nor the court's personal jurisdiction over the state. "The motion to dismiss is governed by Practice Book §§ 10-30 through 10-34. Properly granted on jurisdictional grounds, it essentially asserts that, as a matter of law and fact, a plaintiff cannot state a cause of action that is properly before the court. . . . By contrast, the motion to strike attacks the sufficiency of the pleadings." (Citations omitted.) *Egri* v. *Foisie*, 83 Conn. App. 243, 247, 848 A.2d 1266, cert. denied, 271 Conn. 931, 859 A.2d 930 (2004). The state's alternative argument attacking the technical propriety of the defendant's counterclaim, therefore, should not have been raised by a motion to dismiss, but rather by a motion to strike. As this court observed in *Egri*: "The distinction between the motion to dismiss and the motion to strike is not merely semantic. If a motion to dismiss is granted, the case is terminated, save for an appeal from that ruling. . . . The granting of a motion to strike, however, ordinarily is not a final judgment because our rules of practice afford a party a right to amend deficient pleadings. . . .

"That critical distinction implicates a fundamental policy consideration in this state. Connecticut law repeatedly has expressed a policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his or her day in court. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Citations omitted; internal quotation marks omitted.) Id., 249–50.

In this case, the defendant's request for leave to amend his counterclaim is pending before the court. If that request is granted, the defendant could cure the alleged defect the state now asserts as an alternate ground for affirming the court's judgment dismissing the defendant's counterclaim. We cannot conclude, therefore, that, as a matter of law, the defendant cannot state a cause of action against the state pursuant to § 52-556.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.