AUDLEY K. WATSON v. TEMMY A. PIESZAK ET AL.
(AC 27179)

Schaller, Bishop and McLachlan, Js.

Argued September 21—officially released October 31, 2006

*Audley K. Watson,* pro se, the appellant (plaintiff).

*Robert F. Vacchelli,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Audley K. Watson, appeals from the judgment rendered after the trial court granted the defendants' motion to dismiss. On appeal, the plaintiff claims that the court improperly dismissed the action for lack of subject matter jurisdiction on the basis of sovereign immunity. We affirm the judgment of the trial court.

The plaintiff, an inmate at a Connecticut correctional institution, commenced this declaratory judgment action against the defendants, Temmy A. Pieszak, chief of habeas corpus services; Preston Tisdale, director of special public defenders; and Patrice A. Cohan, the special public defender.[1] The gravamen of the plaintiff's action was that he received ineffective assistance of counsel in connection with a petition for habeas corpus. He sought a declaratory judgment to that effect. The defendants moved to dismiss the action, claiming, inter alia, that it was barred by the doctrine of sovereign immunity. The court granted the motion on the basis of sovereign immunity, and this appeal followed.

---

[1] The plaintiff also named the attorney general as a defendant. The court dismissed the case as to the attorney general, and the plaintiff does not challenge that dismissal in this appeal. Therefore, all references to the defendants are to Pieszak, Tisdale and Cohan only.

"It is well settled that the state is immune from suit unless it waives sovereign immunity by appropriate legislation. Without such a waiver, courts do not have subject matter jurisdiction over a claim against the state. . . . Whether a court has subject matter jurisdiction is a question of law and, therefore, our review is plenary." (Citation omitted.) *Isaacs* v. *Ottaviano*, 65 Conn. App. 418, 421, 783 A.2d 485 (2001).

General Statutes § 4-165 provides in relevant part: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. . . . For the purposes of this section, 'scope of employment' shall include, but not be limited to, representation by an attorney appointed by the Public Defender Services Commission as a public defender, assistant public defender or deputy assistant public defender or an attorney appointed by the court as a special assistant public defender of an indigent accused . . . ." General Statutes § 4-141 provides in relevant part that " 'state officers and employees' includes every person elected or appointed to or employed in any office, position or post in the state government, whatever such person's title, classification or function and whether such person serves with or without remuneration or compensation . . . ." and expressly includes "attorneys appointed by the Public Defender Services Commission as public defenders, assistant public defenders or deputy assistant public defenders and attorneys appointed by the court as special assistant public defenders . . . ." Because the state can act only through its officers and agents, a suit against "a state officer [or employee] is in effect one against the sovereign state." (Internal quotation marks omitted.) *Carrubba* v. *Moskowitz*, 81 Conn. App. 382, 396 n.8, 840 A.2d 557 (2004), aff'd, 274 Conn. 533, 877 A.2d 773 (2005). We therefore conclude that the court

properly dismissed the plaintiff's action on the basis of sovereign immunity.

The judgment is affirmed.