******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# PRISCILLA COUNCIL *v.* SKYLAR HEIN ET AL.
## (AC 47918)

Cradle, C. J., and Westbrook and Norcott, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment dismissing her personal injury action brought pursuant to the accidental failure of suit statute (§ 52-592 (a)). The plaintiff claimed, inter alia, that the court erred in considering and granting the defendants' motion to dismiss because it was not the proper procedural vehicle to challenge the applicability of § 52-592. *Held*:

This court concluded that, although the trial court improperly granted the defendants' motion to dismiss because it was not the proper procedural vehicle for challenging the applicability of § 52-592, the plaintiff failed to offer even remote factual support for her action under § 52-592 and failed to demonstrate how she was harmed by the court's error; accordingly, the form of the judgment was improper.

Argued October 20, 2025—officially released April 21, 2026

*Procedural History*

Action to recover damages for, inter alia, negligence, brought to the Superior Court in the judicial district of Danbury, where the court, *Shaban, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Improper form of judgment*; *reversed*; *judgment directed*.

*Raneil A. Smith*, with whom, on the brief, was *Frank A. Denicola*, for the appellant (plaintiff).

*Philip T. Newbury, Jr.*, for the appellees (defendants).

*Opinion*

WESTBROOK, J. The plaintiff, Priscilla Council, appeals from the judgment of the trial court dismissing her personal injury action brought against the defendants, Skylar Hein (Skylar) and Jeffrey Hein (Jeffrey), pursuant to General Statutes § 52-592 (a), the accidental failure of suit statute.[1] The plaintiff claims that the

---

[1] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the

court erred in considering and granting the defendants' motion to dismiss because it was not the proper procedural vehicle to challenge the applicability of § 52-592 (a). We agree with the plaintiff's claim but conclude that she has failed to demonstrate how she was harmed by the court's error. We further conclude that the form of the judgment is improper in that, rather than rendering a judgment of dismissal, the court should have rendered judgment in favor of the defendants.

The record reveals the following facts and procedural history. Following a motor vehicle accident involving the plaintiff and Skylar on August 10, 2020, the plaintiff filed a complaint on August 22, 2022, seeking damages for personal injuries allegedly stemming from Skylar's negligence. On September 27, 2022, Skylar issued interrogatories and requests for discovery in response to the plaintiff's complaint. The plaintiff failed to respond to those requests, and Skylar filed a motion for order of compliance with the requests on December 12, 2022. On February 6, 2023, the plaintiff filed an objection to Skylar's motion for order of compliance. The objection, however, did not assert that the plaintiff had complied with the requests. Rather, it requested an additional sixty days to respond to them. On February 8, 2023, the court overruled the objection and ordered the plaintiff to comply with the requests by March 1, 2023.

On March 6, 2023, the court held a hearing to determine if the plaintiff had complied with the interrogatories and requests for discovery. The plaintiff's counsel failed to appear at the hearing despite being duly noticed.

writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . ."

On the basis of the representations made by Skylar's counsel during the hearing, the court concluded that the plaintiff had failed to comply with the court's order of discovery and subsequently issued a judgment of nonsuit against the plaintiff. The plaintiff never complied with the discovery order and did not move to open and set aside the nonsuit.

On January 31, 2024, more than ten months after her initial action was nonsuited, the plaintiff commenced a new action seeking damages from the defendants for the injuries she incurred during the August 10, 2020 motor vehicle accident. The plaintiff brought this action pursuant to § 52-592 (a). The new complaint, which now also named Jeffrey as a defendant, was otherwise substantially identical to the initial complaint.

On April 29, 2024, the defendants filed a motion to dismiss pursuant to Practice Book § 10-30. The motion argued in relevant part that the court lacked jurisdiction to review the plaintiff's claims under the accidental failure of suit statute because the plaintiff could not demonstrate, consistent with the requirements of the accidental failure of suit statute, that her nonsuited action was the result of mistake, inadvertence, or excusable neglect. On June 17, 2024, the plaintiff filed an objection to the defendants' motion to dismiss, arguing in relevant part that a motion for summary judgment is the proper procedural vehicle to challenge her § 52-592 (a) action and that the motion to dismiss deprived her of the opportunity to demonstrate that her initial claims were nonsuited on the basis of any of the grounds set forth in § 52-592 (a).

On July 1, 2024, the trial court held a hearing on the motion to dismiss. At the hearing, the defendants' counsel argued that "the reason for [the] motion to dismiss is . . . that there is no subject matter jurisdiction because the plaintiff was not reasonably diligent in bringing the underlying matter." The defendants' counsel also highlighted what the defendants saw as a lack of diligence by the plaintiff during the underlying nonsuited litigation.

The plaintiff's counsel argued, in response, that "[w]hat should have been brought is either a motion to strike or motion for summary judgment." The court later inquired with the plaintiff's counsel about the factual basis for the plaintiff's § 52-592 (a) action, asking specifically, "Where was the mistake, inadvertence or excusable neglect in all this?" The plaintiff's counsel argued that the conditions of § 52-592 (a) were satisfied when counsel missed the March 6, 2023 hearing during the initial litigation. The plaintiff's counsel then specified, after being prompted by the court as to the specific cause of the absence, that the absence was due to inadvertence. The court then asked, "But how do I know that?" Counsel responded: "Because plaintiff's counsel is here representing that it was unintentional . . . ."

On July 26, 2024, the court issued a decision granting the defendants' motion to dismiss on the ground that "[t]he plaintiff ha[d] not presented any evidence that might explain why [Skylar's] discovery requests were not complied with, nor provided an excusable reason as to why she was not present at the March 6, 2023 hearing." This appeal followed.

In her statement of issues, the plaintiff raises two claims on appeal. First, she claims that the court erred in granting the motion to dismiss because it was procedurally improper. Second, she claims that the court abused its discretion in granting the motion to dismiss. Moreover, in the final paragraph of the plaintiff's argument, the plaintiff states that "the trial court committed plain error when it granted the defendants' motion to dismiss due to the plaintiff's alleged failure to satisfy § 52-592." We do not reach the plaintiff's abuse of discretion or plain error claims because they were inadequately briefed, and we consider only whether the trial court erred in deciding the defendants' motion to dismiss.[2] Although we

[2] The argument section of the plaintiff's brief is limited to a discussion of how "[t]he defendants' motion to dismiss was procedurally improper." The plaintiff provides no analysis regarding the merits of the court's determination that the accidental failure of suit statute was inapplicable under the circumstances presented. It is well settled that "[w]e are not

recognize that generally a motion to dismiss is not the proper procedural vehicle to challenge the applicability of § 52-592, under the circumstances of the present case, we conclude that the trial court's error was harmless.

Before addressing the merits of the plaintiff's claim, we set forth the applicable standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *Merrill* v. *NRT New England, Inc.*, 126 Conn. App. 314, 318, 12 A.3d 575 (2011), appeal dismissed, 307 Conn. 638, 59 A.3d 171 (2013) (certification improvidently granted). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Mulcahy* v. *Mossa*, 89 Conn. App. 115, 120, 872 A.2d 453, cert. denied, 274 Conn. 917, 879 A.2d 894 (2005). "[O]ur review of the trial court's ultimate legal conclusion and resulting [decision to] grant . . . the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 347, 977 A.2d 636 (2009). This standard reflects the principle that motions to dismiss present pure questions of law that appellate courts are fully equipped to review independently.

The plaintiff correctly observes that we previously have held that, generally, a motion to dismiss is not the proper procedural vehicle for challenging a § 52-592 action. See *Worth* v. *Commissioner of Transportation*, 135 Conn.

obligated to consider issues that are not adequately briefed. . . . Whe[n] an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived." (Citation omitted; internal quotation marks omitted.) *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 87, 942 A.2d 345 (2008).

App. 506, 515 n.16, 43 A.3d 199 ("[A] motion to dismiss is not the appropriate procedural means to challenge an action commenced pursuant to the accidental failure of suit statute. The appropriate challenge is by way of properly pleaded special defense . . . ." (Citation omitted; internal quotation marks omitted.)), cert. denied, 305 Conn. 919, 47 A.3d 389 (2012); *LaBow* v. *LaBow*, 85 Conn. App. 746, 750, 858 A.2d 882 (2004) ("as a general matter, a motion to dismiss is not the proper procedural instrument for challenging the applicability of § 52-592 (a)"), cert. denied, 273 Conn. 906, 868 A.2d 747 (2005). Although this court has upheld on appeal a trial court's granting of a motion to dismiss raising the inapplicability of § 52-592, it has done so only where the plaintiff has failed to object to the improper motion. See *LaBow* v. *LaBow*, supra, 746 ("the plaintiff's failure to object in a timely manner to the use of a motion to dismiss amounted to a waiver of any challenge she now asserts"). Here, the defendants improperly challenged the plaintiff's action via a motion to dismiss rather than raising the inapplicability of the accidental failure of suit statute via a properly pleaded special defense, on which it could have then moved for summary judgment. The plaintiff substantively objected to proceeding via a motion to dismiss at multiple points after the motion was filed, including in her opposition to the motion and at the hearing on the motion. Thus, we agree with the plaintiff that the court improperly granted the defendants' motion because it was not the proper procedural vehicle for challenging the applicability of § 52-592.[3]

Notwithstanding the trial court's error, however, to succeed on appeal, the plaintiff must demonstrate that she was harmed by the trial court's erroneous granting of the defendants' motion to dismiss. See *Fort Trumbull*

[3]Unlike the plaintiffs in *LaBow* and *Worth*, the plaintiff in the present case clearly articulated her objection to the defendants' use of a motion to dismiss. First, her memorandum in support of her objection distinguished her case from those with nonobjecting plaintiffs, arguing that, "[h]ere, the plaintiff does object and states that this is more proper for summary judgment than a motion to dismiss." The plaintiff's counsel then reiterated her objection at the hearing on the motion to dismiss.

*Conservancy*, *LLC* v. *Alves*, 262 Conn. 480, 497, 815 A.2d 1188 (2003) (finding that "the trial court improperly determined that it had no subject matter jurisdiction over the plaintiff's complaint" but affirming judgment because "the factual allegations of the complaint were insufficient to support the plaintiff's claims for relief"); see also *Mercer* v. *Rodriquez*, 83 Conn. App. 251, 267–68, 849 A.2d 886 (2004) (expressly relying on *Fort Trumbull Conservancy, LLC*, in holding that granting of motion to dismiss was harmless error despite dismissal's procedural impropriety). Harmless error analysis is consistent with the directive of General Statutes § 52-265 that a trial court's erroneous judgment should not be disturbed if "the errors have not materially injured the appellant or plaintiff in error . . . ." In the context of nonconstitutional errors like the one at issue here, our Supreme Court has established that "a nonconstitutional error is harmless when an appellate court has a fair assurance that the error did not substantially affect the [outcome]." (Internal quotation marks omitted.) *State* v. *Payne*, 303 Conn. 538, 553, 34 A.3d 370 (2012). Accordingly, the disposal of a civil action involving a nonconstitutional error depends upon whether the trial court's erroneous ruling " 'would likely affect the result.' " *Swenson* v. *Sawoska*, 215 Conn. 148, 153, 575 A.2d 206 (1990). Here, the plaintiff has failed to demonstrate that the trial court's adjudication of the issue of the applicability of § 52-592 by way of a motion to dismiss constituted harmful error.

First, on its face, the plaintiff's second complaint does not sufficiently allege how her cause of action is covered by the accidental failure of suit statute. Section 52-592 (a) provides plaintiffs an opportunity to relitigate a nonsuited matter only where the initial case was nonsuited due to "mistake, inadvertence or excusable neglect." *Ruddock* v. *Burrowes*, 243 Conn. 569, 577, 706 A.2d 967 (1998). Although the complaint references § 52-592 (a) in a single line, nowhere in the complaint does the plaintiff mention mistake, inadvertence, or excusable neglect. The complaint also does not indicate specifically which of those situations applies to the plaintiff's case, nor does it

provide facts that would allow a trial court to determine that *any* of those situations applied to her case. Rather, the second complaint primarily restates the allegations from the plaintiff's initial complaint that was nonsuited. As a result, the allegations in the complaint focus on the facts of the underlying personal injury claims and make no attempt to explain the circumstances surrounding the plaintiff's nonsuit.

Next, the plaintiff had an opportunity to provide factual support for her § 52-592 action in her objection to the defendants' motion to dismiss, yet she failed to do so. Instead, the memorandum supporting the plaintiff's objection relayed only one case, *Ruddock* v. *Burrowes*, supra, 243 Conn. 569, in which a plaintiff prevailed over allegations like those in the defendants' motion to dismiss, and the plaintiff does not indicate how she could satisfy the factual conditions of § 52-592 (a) as the plaintiff in that case did. Overall, the plaintiff's memorandum averred that she was previously nonsuited due to mistake, inadvertence, or excusable negligence, but it did not offer information that might support that position.

Finally, the plaintiff had a clear opportunity to provide evidence to support her invocation of § 52-592 (a) in this action at the hearing on the motion to dismiss, but she also failed to capitalize on that opportunity. At the hearing, the plaintiff's counsel specified for the first time that the plaintiff's nonsuit was due to inadvertence. Yet, even after the court repeatedly prompted the plaintiff's counsel to offer information to support that assertion, counsel was unable to do so. The plaintiff argues on appeal that the trial court's notice of the hearing was "deficient" because it did not express that she would be provided with an opportunity to present evidence in support of the applicability of § 52-592 (a). The plaintiff's memorandum in support of her objection to the motion to dismiss, however, expressly contradicts this argument. In the memorandum, the plaintiff asserted that she had not previously had the opportunity to show why the court's dismissal of her prior suit was merely

a matter of form and protected by § 52-592 (a), but she acknowledged her understanding that the scheduled hearing on the motion to dismiss would provide her "just that opportunity." Ultimately, the plaintiff did not take advantage of that opportunity.

At no point during the proceedings before the trial court or on appeal has the plaintiff indicated that there is a dispute over a material issue of fact, nor has she indicated a need or requested an opportunity to conduct discovery, requested an evidentiary hearing, or otherwise intimated that such procedures could reveal redeeming facts that have not yet come to light.[4] Because the plaintiff has failed to offer even remote factual support for her action under the accidental failure of suit statute, we cannot conclude that additional opportunities to identify supporting facts, such as the opportunities available on summary judgment or on a motion to strike, would likely yield a different outcome. See, e.*g.*, *McCutcheon & Burr, Inc.* v. *Berman*, 218 Conn. 512, 528, 590 A.2d 438 (1991) (recognizing that, while improper motion to dismiss deprived plaintiff of opportunity to amend its complaint, having that opportunity would have been "unavailing to the plaintiff . . . because the plaintiff was unable to demonstrate that it could add anything to its complaint . . . that would avoid the deficiencies in the original").[5]

In sum, we cannot conclude that the plaintiff was harmed by the erroneous procedure of resolving the applicability of § 52-592 (a) by way of the defendants' motion to dismiss.

---

[4] To the extent that the plaintiff may have been entitled to an evidentiary hearing, she has already conceded that the court essentially provided her that opportunity with the hearing on the motion to dismiss.

[5] The fact that the plaintiff abandoned her abuse of discretion and plain error allegations, which would have required her to demonstrate that the trial court's ruling facilitated an injustice, further reinforces our conclusion that the procedure followed in the present case was harmless.

The form of the judgment is improper, the judgment dismissing the action is reversed and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.