RONALD LABOW *v.* MYRNA LABOW
(AC 19762)

Schaller, Mihalakos and Hennessy, Js.

Submitted on briefs March 2—officially released August 21, 2001

*Myrna LaBow*, pro se, the appellant (defendant), filed a brief.

*Daniel D. Portanova* and *Gwen E. Murray* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Myrna LaBow, appeals from the judgment of the trial court rendered in her favor on her counterclaim to an action commenced by the plaintiff, Ronald LaBow. On appeal, the defendant challenges the court's conclusion that she proved only one of her five causes of action. She also challenges

the court's determination of damages. In her brief to this court, she raises no fewer than fifty-one claims, challenging the court's assessment of the evidence. We affirm the judgment of the trial court.

This case stems from a 1982 action commenced by the plaintiff as a collateral attack against a 1978 dissolution judgment dissolving the parties' marriage. Since that dissolution judgment, the parties have engaged in extensive, hostile litigation in the trial and appellate courts of our state and New York for more than twenty years. In 1993, following a brief respite, the torrent of litigation continued, resulting in the judgment on the counterclaim from which this appeal is taken.

This appeal is best categorized as a futile effort to retry this case in this court. No good purpose would be served by discussing seriatim its numerous claims. The defendant 's myriad claims constitute a rambling, convoluted, hodgepodge of grievances. "[A]ppellate pursuit of so large a number of issues forecloses the opportunity for a fully reasoned discussion of pivotal substantive concerns [by the appellant]. A shotgun approach does a disservice both to this court and to the party on whose behalf it is presented." (Internal quotation marks omitted.) *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 21, 717 A.2d 77 (1998). Naturally, an appellate court "is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one [issue] . . . ." (Internal quotation marks omitted.) *State* v. *Raguseo*, 225 Conn. 114, 117 n.3, 622 A.2d 519 (1993).

After thoroughly examining each of the defendant 's claims, we conclude that they consist merely of abstract assertions unaccompanied by reasoned legal analysis. Therefore, her claims are deemed abandoned, and fur-

ther review is denied. See *Velazquez* v. *Marine Midland Automotive Financial Corp.*, 24 Conn. App. 455, 460 n.2, 590 A.2d 116 (1991).

The judgment is affirmed.