MYRNA LABOW *v.* RONALD LABOW
(AC 24156)

Lavery, C. J., and McLachlan and Berdon, Js.

Argued April 28—officially released November 2, 2004

*Nathalie Feola-Guerrieri*, with whom were *Myrna LaBow*, pro se, and, on the brief, *Daniel Shepro*, for the appellant (plaintiff).

*Gwen E. Adamson*, for the appellee (defendant).

*Opinion*

McLACHLAN, J. The plaintiff, Myrna LaBow, appeals from the judgment of the trial court dismissing her fraud action, brought pursuant to General Statutes § 52-592 (a), the accidental failure of suit statute, against the defendant, Ronald LaBow. She claims that (1) the defendant improperly used a motion to dismiss to challenge the applicability of the accidental failure of suit statute and (2) the court improperly determined that the statute was inapplicable.[1] We affirm the judgment of the trial court.

The present appeal represents the latest installment in a history of protracted and often hostile litigation between the parties in both the Connecticut and New

---

[1] Although the plaintiff raises a third claim on appeal, it asserts essentially the same legal issue as that raised in her second claim. We therefore need not separately address it.

York courts, beginning with the initiation of divorce proceedings in 1974. In 1978, the parties' marriage was dissolved and various financial orders were entered, including an order that the defendant pay alimony to the plaintiff. In 1982, the defendant filed a civil action (1982 action) against the plaintiff, asserting numerous causes of action to reduce the amount of his alimony payments. The plaintiff, acting pro se, filed a counterclaim alleging, inter alia, that the defendant fraudulently had failed to disclose the existence and value of certain assets during the original divorce proceedings and engaged in fraudulent conduct designed to deprive her of the alimony that she would have received. In 1993, the court ruled in the plaintiff's favor on the defendant's complaint.

Argument on the plaintiff's counterclaim commenced in 1997. After twenty-four days of trial, the court determined that although the defendant had not fully disclosed his assets and their value during the original divorce proceedings, the plaintiff's fraud claim should have been asserted through a motion to open and to modify the dissolution judgment, rather than through an ancillary action collaterally attacking the dissolution judgment.[2] Consequently, the court declined to make an explicit finding as to whether the defendant's failure to disclose his assets during the divorce proceedings amounted to fraud. See *LaBow* v. *LaBow*, Superior

---

[2] As noted by the court in its 1999 decision, "[The plaintiff] did in fact move to open and modify the [divorce] judgment, and during the proceedings on this motion before Judge Saden, all of these claims of fraudulent conduct occurring during the divorce proceedings were raised at that time. Judge Saden took those allegations into consideration when he increased [the plaintiff's] alimony from $4500 a month to $4500 a week, in addition to the other relief granted in her favor. [The plaintiff] has not offered any credible explanation why this court should review these issues again at this time and consider either the granting of relief in addition to what was awarded by Judge Saden or the granting of relief that could have been requested then but was not."

Court, judicial district of Fairfield, Docket No. CV-82-0210394S (March 15, 1999). We affirmed that judgment in a per curiam decision. *LaBow* v. *LaBow*, 65 Conn. App. 210, 782 A.2d 200, cert. denied, 258 Conn. 943, 786 A.2d 430 (2001).

In November, 2002, the plaintiff brought the present action, pursuant to the accidental failure of suit statute, reasserting the fraud claim she previously had asserted in the 1982 action. Her complaint alleged that "[t]he claims made herein were rejected by this court in *LaBow* v. *LaBow*, No. CV 82-0210394-S (Stevens, J.), in a memorandum of decision filed March 15, 1999 . . . *solely because of errors of form* in that, both in [the Superior Court] and on appeal, the courts found that the plaintiff as a pro se litigant was unable to articulate her claims and her legal arguments in an intelligible manner." (Emphasis added.)

The defendant subsequently filed a motion to dismiss the action, alleging that the court lacked subject matter jurisdiction to hear the claim because the accidental failure of suit statute is inapplicable. The defendant pointed out that by its terms, the statute provides a one year window to save an action that "has failed one or more times to be tried on its merits because . . . the action has been otherwise avoided or defeated . . . for any matter of form . . . ." General Statutes § 52-592 (a). The defendant argued that because the original fraud claim was tried on the merits and did not fail as a "matter of form," § 52-592 (a) could not be invoked to reassert the claim and the action must be dismissed.

The court granted the defendant's motion, without a memorandum of decision, on December 23, 2002. The plaintiff filed both a motion to reargue and a motion for articulation. The court denied the motion to reargue, but granted her motion for articulation. In its articulation, the court characterized the plaintiff's complaint

as an attempt to retry the same claim that previously was litigated because of her belief that she was given short shrift during the original action due to her status as a pro se litigant. The court explained that the accidental failure of suit statute provides a remedy only for actions that were not tried on the merits because they failed as a "matter of form." The court stressed that 52-592 (a) was not intended to provide persons in the plaintiff's position the opportunity to relitigate claims that were tried to the court during a twenty-four day trial, resulting in a lengthy and well reasoned opinion in which all claims were carefully considered. The plaintiff now appeals.

I

The plaintiff first claims that the defendant's use of a motion to dismiss to challenge the applicability of the accidental failure of suit statute was improper. Although we agree that, as a general matter, a motion to dismiss is not the proper procedural instrument for challenging the applicability of § 52-592 (a), the proper challenge being by way of a properly pleaded special defense; see Practice Book § 10-50; the plaintiff's failure to object in a timely manner to the use of a motion to dismiss amounted to a waiver of any challenge she now asserts.

We recently stated that "although a motion to dismiss may not be the appropriate procedural vehicle for asserting that an action is not saved by General Statutes § 52-592, our Supreme Court has held that a court properly may consider a motion to dismiss in such circumstance when the plaintiff does not object to the use of the motion to dismiss." *Stevenson* v. *Peerless Industries, Inc.*, 72 Conn. App. 601, 606 n.6, 806 A.2d 567 (2002); see also *Capers* v. *Lee*, 239 Conn. 265, 269–70 n.9, 684 A.2d 696 (1996).

In the present case, the plaintiff alleges that she raised that objection in her memorandum of law in opposition to the defendant's motion to dismiss. She cites her reference to *Ruddock* v. *Burrowes*, 243 Conn. 569, 706 A.2d 967 (1998), and her accompanying statement that this case "strongly suggests that it is inappropriate in most cases to decide the applicability of the accidental failure of suit statute on a motion to dismiss." Aside from that cursory reference, the plaintiff neither elaborated on that proposition nor alleged that the use of such motion was inappropriate in the present case.[3] Quite to the contrary, our review of the record reveals that throughout the pendency of the motion to dismiss, the plaintiff demonstrated her assent to the defendant's choice of procedural instrument. We find it telling that in her memorandum of law in opposition to the motion to dismiss, she methodically recited the applicable law for a motion to dismiss, in apparent acquiescence to its procedural appropriateness, before turning to the merits of her argument. Also, at oral argument on the motion to dismiss, she failed to interpose any objection to the defendant's use of a motion to dismiss and, instead, proceeded to argue her position in the context of a motion to dismiss.

As we have stated on occasions too numerous to recite, mere abstract assertions, unaccompanied by reasoned analysis, will not suffice to apprise a court ade-

[3] We note that the plaintiff raised the issue in a lucid manner for the first time in her motion to reargue. In her objection to the motion to dismiss, she did not argue that a motion to dismiss cannot be used to challenge the improper use of the accidental failure of suit statute. She, in fact, expressly argued the standard the court should use in deciding a motion to dismiss. The court denied the motion to reargue, concluding that although the plaintiff did contend in her motion to reargue that a motion to dismiss is not the proper procedural vehicle to address the issue raised by the defendant she "did not raise this procedural objection in her December 14, 2002 brief or in oral argument on December 23, 2002. The plaintiff, having accepted and argued the defendant's challenge in the format of a motion to dismiss, cannot now complain that another procedural format should have been followed."

quately of the precise nature of a claim. See, e.g., *Wallenta* v. *Moscowitz*, 81 Conn. App. 213, 230–31, 839 A.2d 641, cert. denied, 268 Conn. 909, 845 A.2d 414 (2004). The plaintiff's perfunctory reference to a case, without any accompanying analysis linking it to the facts of the present case, did not rise to the level of a sufficiently articulated objection that would put the trial court on notice of her claim. Furthermore, *Ruddock* v. *Burrows*, supra, 243 Conn. 569, which the plaintiff cited, involved a motion for summary judgment and makes no reference whatsoever to a motion to dismiss.

We accordingly conclude that because the plaintiff failed to object to the defendant's use of a motion to dismiss to challenge the applicability of the accidental failure of suit statute, she waived that claim and cannot assert it now on appeal.[4]

II

The plaintiff next claims that the court improperly determined that the original fraud claim was tried on the merits and did not fail as a matter of form and, on that basis, the court granted the defendant's motion to dismiss. We disagree.

"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff *cannot* as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [B]ecause [a] determination regarding a trial court's

---

[4] As more fully discussed in part II, the plaintiff was afforded the opportunity to try her case on the merits over the course of a twenty-four day trial. It has often been observed that one of the most fundamental policies advanced by our courts is to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant her day in court. See, e.g., *Egri* v. *Foisie*, 83 Conn. App. 243, 249, 848 A.2d 1266 (2004). In this case, the issues have been litigated for thirty years in the courts of two states. The plaintiff had her day in court.

subject matter jurisdiction is a question of law, our review is plenary." (Emphasis in original; internal quotation marks omitted.) *East Hampton* v. *Dept. of Public Health*, 80 Conn. App. 248, 251, 834 A.2d 783 (2003), cert. denied, 267 Conn. 915, 841 A.2d 221 (2004).

The accidental failure of suit statute provides in relevant part: "If any action . . . has failed one or more times to be tried on its merits because of insufficient service or return of the writ . . . or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." General Statutes § 52-592 (a). The statutory language clearly allows for the commencement of a new action for a claim *only* if the original claim "failed . . . to be tried on its merits . . . ." General Statutes § 52-592 (a).

In the present case, the plaintiff asserted her fraud claim in the 1982 action and was afforded the opportunity to litigate it over the course of a twenty-four day trial. Our review of the record persuades us that the plaintiff had her day in court to litigate fully and fairly her claim. That she might be dissatisfied with the result does not allow her recourse to the accidental failure of suit statute, no matter how creatively she frames her argument on appeal.

Furthermore, the plaintiff has failed to demonstrate that any alleged unsuccessful attempt to try the original fraud claim on the merits was due to a failure as a "matter of form . . . ." General Statutes § 52-592 (a). It is well settled that § 52-592 does not authorize the reinitiation of all actions not tried on their merits, but only those that have failed for, among other enumerated

reasons not applicable here, "any matter of form . . . ." General Statutes § 52-592 (a); see, e.g., *Lacasse* v. *Burns*, 214 Conn. 464, 473, 572 A.2d 357 (1990). As stated previously, the plaintiff asserts that the original fraud claim failed as a matter of form because "the courts found that the plaintiff as a pro se litigant was unable to articulate her claims and her legal arguments in an intelligible manner." The plaintiff has failed to bring to this court's attention any authority supporting her contention that a court's alleged unfairness toward a pro se litigant may be characterized as a failure as a "matter of form." Equally significant, the plaintiff has failed to identify any conduct by the trial judge to substantiate that bold assertion. Upon review of the record, we discern no indication that the plaintiff's pro se status affected the court's resolution of her claims. We conclude instead that the court undertook a thoughtful and thorough inquiry into her claims, according due regard to the well established policy of the Connecticut courts when hearing the matters of pro se litigants to construe the rules of practice liberally in favor of such parties. See, e.g., *Alexandru* v. *Strong*, 81 Conn. App. 68, 79, 837 A.2d 875, cert. denied, 268 Conn. 906, 845 A.2d 406 (2004).[5]

We accordingly conclude that the plaintiff's claim does not satisfy the requirements of the accidental failure of suit statute and that the court, therefore, properly dismissed the action.

The judgment is affirmed.

In this opinion LAVERY, C. J., concurred.

---

[5] "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Sellers* v. *Sellers Garage, Inc.*, 80 Conn. App. 15, 19 n.2, 832 A.2d 679, cert. denied, 267 Conn. 904, 838 A.2d 210 (2003).

BERDON, J., concurring. This case was properly decided by the trial court under the motion to dismiss filed by the defendant, Ronald LaBow, because there were no new factual issues raised by the plaintiff, Myrna LaBow,[1] not as a result of waiver as the majority contends. The plaintiff already has had her day in court. See *LaBow* v. *LaBow*, Superior Court, judicial district of Fairfield, Docket No. CV-82-0210394S (March 15, 1999). We affirmed that judgment in a per curiam decision. *LaBow* v. *LaBow*, 65 Conn. App. 210, 782 A.2d 200, cert. denied, 258 Conn. 943, 786 A.2d 430 (2001). Accordingly, the defendant's motion to dismiss was correctly granted.

---

[1] In *Ruddock* v. *Burrowes*, 243 Conn. 569, 572–73, 706 A.2d 967 (1998), the majority of our Supreme Court held that a motion for summary judgment was not properly used to determine the applicability of General Statutes § 52-592 (a), the accidental failure of suit statute, because there were factual issues raised.