PMG LAND ASSOCIATES, L.P. *v.* HARBOUR LANDING
CONDOMINIUM ASSOCIATION, INC., ET AL.
(AC 31270)

DiPentima, C. J., and Robinson and Espinosa, Js.

Argued December 1, 2011—officially released May 22, 2012

*Scott Maser*, for the appellant (plaintiff).

*Laura Pascale Zaino*, with whom were *Joshua M. Auxier* and, on the brief, *Thomas P. Lambert* and *Joseph J. Arcata III*, for the appellees (defendants).

*Opinion*

ROBINSON, J. The plaintiff, PMG Land Associates, L.P., appeals from the judgment of the trial court granting the motion to dismiss filed by the defendants, Harbour Landing Condominium Association, Inc. (Harbour

Landing), David Potter, Vincent DeLauro and Margareth Butterworth.[1] On appeal, the plaintiff contends that the court improperly granted the defendants' motion to dismiss as to the third count of its complaint sounding in tortious interference with business expectancies. We reverse in part the judgment of the trial court.[2]

The following facts and procedural history are relevant to the resolution of the plaintiff's claim. The plaintiff is a real estate development company that at one time was the developer of the Harbour Landing condominium complex in New Haven. During the construction of the condominiums, various amenities were erected on three parcels of land that adjoined and abutted the Harbor Landing property, which parcels were owned by the plaintiff. The plaintiff put the three parcels of land on the market for sale and declared that the amenities were no longer available for use by the Harbor Landing condominium owners. In response, in 2001, Harbour Landing and its individual condominium owners commenced an action against the plaintiff and its principals, seeking a prescriptive easement over the property, as well as damages for an alleged violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. A notice of lis pendens was recorded on the New Haven land records in connection with the prescriptive easement claim.

In October, 2003, while the prescriptive easement action was still pending, the plaintiff commenced an action against the defendants and numerous condominium owners in which it (1) sought to quiet title to the three parcels of land, (2) alleged slander of title and

[1] Potter, DeLauro and Butterworth are members of Harbour Landing's board of directors.

[2] Because we conclude that the court erred in granting the defendants' motion to dismiss as to the third count of the plaintiff's complaint, we need not reach the merits of the plaintiff's second claim, namely, that the court erred in denying the plaintiff's motion for reconsideration and reargument.

(3) alleged tortious interference with the plaintiff's business. On April 1, 2004, the court issued postcard notices acknowledging that the parties had reported a settlement in both pending actions. At that time, however, the cases had not been withdrawn. The court ordered the parties to file the necessary withdrawals before May 27, 2004, or their cases would be dismissed. Both the prescriptive easement action and the plaintiff's action were dismissed on May 28, 2004, and June 30, 2004, respectively, pursuant to the court's order.

In November, 2004, the plaintiff commenced a second action against the defendants and numerous condominium owners. The complaint set forth three counts alleging (1) statutory vexatious litigation, (2) common-law vexatious litigation and (3) tortious interference with business expectancies. In July, 2005, the defendants filed a request to revise. The plaintiff objected to some, but not all, of the defendants' requests. The defendants also issued written interrogatories and requests for production. The court overruled some, but not all, of the defendants' requests to revise. The plaintiff, however, never revised its complaint, nor fully responded to the defendants' discovery requests. On January 2, 2007, the court granted the defendants' motion for a judgment of nonsuit against the plaintiff.

The plaintiff commenced the present action against the defendants on January 30, 2008, more than one year after the dismissal of the prior action. The complaint asserted the same three counts as alleged in the prior action: (1) statutory vexatious litigation, (2) common-law vexatious litigation and (3) tortious interference with business expectancies. On February 20, 2008, the defendants filed a motion to dismiss the plaintiff's complaint. The defendants contended that the plaintiff's claims were barred by the applicable statute of limitations in General Statutes § 52-577 and could not be saved by the accidental failure of suit statute set forth

in General Statutes § 52-592 because the plaintiff waited more than one year to bring the new action.[3]

The plaintiff filed an objection to the motion to dismiss on September 19, 2008, seven months after the motion was filed and only three days before oral argument was to occur on the motion. In its objection, the plaintiff argued that a motion to dismiss was not the proper procedural vehicle for adjudication of the applicability of the accidental failure of suit statute. The plaintiff further argued that the third count of the complaint alleging tortious interference with business expectancies fell within the applicable three year statute of limitations because the plaintiff alleged ongoing tortious actions of the defendants in 2005 and 2006. The plaintiff maintained that because the three year statute of limitations had not lapsed, it did not need to rely on the accidental failure of suit statute for count three.[4]

The court issued its memorandum of decision on the defendants' motion to dismiss on May 28, 2009. The court noted that a determination under § 52-592 is very

[3] General Statues § 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[4] The plaintiff conceded in its objection to the defendants' motion to dismiss as well as at oral argument on the motion to dismiss that the first two counts, with the exception of those claims brought against Potter, were not brought within the one year required under the savings statute and also were not brought within the three year statute of limitations and therefore were time barred.

fact sensitive and should focus on "the type of conduct that occurred, the egregiousness of the conduct, any explanation for the conduct, and prejudice upon the nonmovant." The court then set forth cases that analyzed whether the particular conduct of counsel was sufficiently egregious so as to prevent the claim from proceeding. Although the court did not analyze specifically the plaintiff's case in comparison to the cases cited, the court granted the motion to dismiss.

The plaintiff filed a motion for reconsideration and reargument on June 22, 2009. The plaintiff's principal argument was that the court failed to address the plaintiff's claim that count three of its complaint was brought within the applicable statute of limitations, thus making any analysis under § 52-592 improper. The court denied the plaintiff's motion on June 24, 2009. The plaintiff appealed on July 14, 2009.

On January 9, 2012, this court ordered the trial court to articulate whether it considered the plaintiff's argument in its objection to the defendants' motion to dismiss that the statute of limitations had not lapsed as to the tortious interference with business expectancies claim in count three.[5] On February 8, 2012, the trial court issued an articulation, which stated that it had in fact considered and analyzed the plaintiff's statute of limitations argument. The trial court noted that it had

[5] The plaintiff filed a motion for articulation with respect to the court's decision on the motion to dismiss on August 18, 2009. The court, however, did not rule on the motion for articulation, and the plaintiff's counsel did not move to compel the court to issue a ruling. Over one year later, on October 20, 2010, this court sua sponte ordered the court to act on the pending motion for articulation. The court denied the motion on November 5, 2010. On November 22, 2010, the plaintiff filed a motion for review. On December 15, 2010, this court granted the plaintiff's motion for review but denied the relief requested. Upon review of the merits of the appeal, we revisited our earlier decision to deny the plaintiff's motion for review. See *State* v. *Holloway*, 22 Conn. App. 265, 276, 577 A.2d 1064, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990).

rejected the plaintiff's argument because the notice of lis pendens was no longer of any effect as of May 28, 2004, and the plaintiff could have requested that the notice of lis pendens be released after the dismissal of the action.

The plaintiff first contends that the trial court improperly granted the defendants' motion to dismiss as to the tortious interference with business expectancies claim because it was brought within the applicable three year statute of limitations. The plaintiff argues that the defendants committed acts relevant to this claim throughout 2005 and 2006 and, therefore, that the claim was brought within the applicable statute of limitations. We conclude that the plaintiff sufficiently alleged actions of the defendants that fell within three years of the filing of the complaint so as to allow the plaintiff to proceed with its claim.[6]

We begin by setting forth the relevant standard of review.[7] "A motion to dismiss . . . properly attacks the

---

[6] We note that our resolution of this case does not address the strength of the plaintiff's case or whether the case has merit. We simply conclude that the plaintiff's allegations allow the case to proceed as to count three.

[7] We note that generally, a motion to dismiss is not the appropriate procedural instrument by which to assert that an action is not saved by § 52-592. See *LaBow* v. *LaBow*, 85 Conn. App. 746, 750, 858 A.2d 882 (2004), cert. denied, 273 Conn. 906, 868 A.2d 747 (2005). Our Supreme Court has stated, however, that a court may consider such an assertion in a motion to dismiss if the plaintiff has not objected to the use of the motion to dismiss. See *Capers* v. *Lee*, 239 Conn. 265, 269–70 n.9, 684 A.2d 696 (1996); see also *LaBow* v. *LaBow*, supra, 750. In the present case, the defendants filed a motion to dismiss the plaintiff's complaint, on the basis of their assertion that § 52-592 could not save the plaintiff's action. Seven months after the motion to dismiss was filed, and only three days before oral argument, the plaintiff filed an objection to the defendants' motion, in which it argued that a motion to dismiss should not be used to assert that the accidental failure of suit statute did not apply. In its memorandum of decision, the court noted that the plaintiff objected to the use of the motion to dismiss, however, the court also noted that the plaintiff never objected to the use of the motion to dismiss in two prior court appearances, and the plaintiff filed its objection three days before oral argument, in contravention of Practice Book § 10-31 (b). On the basis of our reading of the court's memoran-

jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests . . . whether, on the face of the record, the court is without jurisdiction. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [grant] of the motion to dismiss will be de novo." (Citations omitted; internal quotation marks omitted.) *Peruta* v. *Commissioner of Public Safety*, 128 Conn. App. 777, 782–83, 20 A.3d 691, cert. denied, 302 Conn. 919, 28 A.3d 339 (2011).

"The question of whether a party's claim is barred by the statute of limitations is a question of law, which this court reviews de novo." (Internal quotation marks omitted.) *Certain Underwriters at Lloyd's, London* v. *Cooperman*, 289 Conn. 383, 407–408, 957 A.2d 836 (2008). The plaintiff's claim is governed by the tort statute of limitations set forth in § 52-577, which provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "This court has determined that [§] 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission

dum of decision, the court considered the plaintiff's objection to the use of the motion as untimely and therefore proceeded in rendering its decision on the defendants' motion to dismiss.

complained of occurs." (Internal quotation marks omitted.) *Valentine* v. *LaBow*, 95 Conn. App. 436, 444, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006).

Reading the complaint in the light most favorable to the plaintiff, we conclude that the plaintiff has set forth allegations that, if taken as true, are sufficient to allow the plaintiff to proceed on its tortious interference with business expectancies claim in count three. While the plaintiff does not provide any dates in its complaint that would fall within the three year statute of limitations, it does allege that, although the court dismissed the defendants' prescriptive easement action on May 28, 2004, the defendants "failed to remove the remaining lis pendens on [the plaintiff's] property for a significant period of time, interfering with their ultimate sale to The Christopher Companies, Ltd." In its objection to the defendants' motion to dismiss, the plaintiff asserts that the notice of lis pendens was not removed until June 6, 2005. If the failure to remove the notice of lis pendens amounts to a tortious interference with the plaintiff's business expectancies, the claim would fall within the three year statute of limitations.

The court noted in its articulation that the plaintiff had a statutory avenue available to have the notice of lis pendens removed when the defendants' case was dismissed, and therefore the notice of lis pendens did not constitute an interference after May 28, 2004. Although this may be true, the fact that the plaintiff could have asked for the notice of lis pendens to be removed does not necessarily demonstrate that the plaintiff is precluded from *claiming* that its continued presence tortiously interfered with the plaintiff's business expectancies. Whether the statutory avenues available to the plaintiff to remove the notice of lis pendens

precluded it from asserting that the defendants tortiously interfered with the plaintiff's business expectancies is an issue that is more appropriately addressed in a motion for summary judgment, not in a motion to dismiss. We therefore conclude that the court erred in dismissing the third count of the plaintiff's complaint.[8]

The judgment is reversed only as to count three of the plaintiff's complaint alleging tortious interference with business expectancies and the case is remanded for further proceedings on that count consistent with this opinion; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[8] We note that the plaintiff's counsel attached two e-mail correspondences between herself the defendants' counsel from May and August, 2005, to the plaintiff's objection to the defendants' motion to dismiss. The first e-mail attached as exhibit B stated in relevant part: "Members of Harbour Landing continue to interfere with the development process making demands on the zoning board to obtain approval including—parking spots which they lost in the prescriptive easement case, and sharing expenses for the utilities on the common areas which is not an obligation under the easement. Harbour Landing turned down $750,000 from the developer toward its deferred expenses, it turned down forming one master association to share expenses—it continues to interfere with unreasonable demands—without legal foundation." The second e-mail attached as exhibit C stated that Potter and DeLauro are "holding up approvals so that they can obtain view corridors that affect essentially only their units . . . ." The use of counsel's own e-mail correspondences, which were not verified by an attached affidavit, in support of the plaintiff's objection to the motion to dismiss is troubling. See *Rockwell* v. *Quintner*, 96 Conn. App. 221, 234 n.10, 899 A.2d 738, cert. denied, 280 Conn. 917, 908 A.2d 538 (2006) (petition filed by attorney in opposition to motion for summary judgment not considered because attorney did not make representations under oath, nor did he attest therein that he had personal knowledge as to representations made, or that he was competent to testify as to such matters pursuant to Practice Book § 17-46); *Farrell* v. *Farrell*, 182 Conn. 34, 37 n.2, 438 A.2d 415 (1980) ("[a]n attorney should not ordinarily become a witness on behalf of his client"). Because we conclude that the allegations concerning the notice of lis pendens were sufficient to allow the plaintiff to proceed on its tortious interference with business expectancies claim, we will not address whether the e-mail correspondences attached to the plaintiff's objection should have been considered by the trial court.