******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MICHELE SIENKIEWICZ ET AL. *v.* KRISTINE
RAGAGLIA ET AL.
(AC 37343)

DiPentima, C. J., and Lavine and Alvord, Js.

*Submitted on briefs May 25—officially released August 23, 2016*

(Appeal from Superior Court, judicial district of
Fairfield, Radcliffe, J.)

*Jon E. Jessen* filed a brief for the appellants
(plaintiffs).

*George Jepsen*, attorney general, and *Robert J. Deich-
ert*, assistant attorney general, filed a brief for the appel-
lees (defendants).

*Opinion*

PER CURIAM. The plaintiffs, Michele Sienkiewicz and Craig Sienkiewicz, both individually and in their capacities as next friends of their children[1] appeal from the judgment of the trial court dismissing their complaint. They claim that they properly brought their action under the accidental failure of suit statute, General Statutes § 52-592,[2] and that sovereign immunity does not bar their claims. The plaintiffs failed to challenge the trial court's conclusion that § 52-592 is inapplicable where, as here, a previous appeal related to the underlying action was withdrawn by the plaintiffs. As a result of this inadequate briefing, we decline to review their claims. See Practice Book § 67-4. Accordingly, we affirm the judgment of the trial court.

The court granted the defendants' motion to dismiss[3] on October 10, 2014, issuing the following order: "The motion to dismiss is granted, and the case is dismissed in its entirety. The court makes a finding that [§] 52-592 . . . does not apply, and the amended complaint of [May 6, 2010] does not bring an action against the individually named defendants in their individual capacity, but only in their scope of employment by the state of Connecticut. . . . [*Section 52-592*] *has no applicability where there was a final judgment and the trial court was appealed, and such appeal was withdrawn by the party seeking the benefits of* [*the*] *accidental failure of suit.*" (Emphasis added.)

On appeal, the plaintiffs raise a number of claims, but they fail to address one of the court's reasons for granting the defendants' motion to dismiss, namely, whether an action can be brought under § 52-592 after the plaintiffs have withdrawn their appeal of the prior action.[4] As a result, the plaintiffs have briefed inadequately their claims regarding § 52-592 in this case.

"Practice Book § 67-4 prescribes the required components of an appellant's brief. It is necessary to this court's review of a party's claims on appeal that his brief contain, inter alia, argument and analysis regarding the alleged errors of the trial court, with appropriate references to the facts bearing on the issues raised. . . .

"It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed." (Citation omitted; internal quotation marks omitted.) *Zappola* v. *Zappola*, 159 Conn. App. 84, 86–87, 122 A.3d 267 (2015).

We need not address the propriety of the trial court's ruling because the plaintiffs have presented this court with an inadequate brief regarding an issue that was

central to the trial court's holding.[5]

The judgment is affirmed.

[1] In accordance with our policy of protecting the privacy interests of the minor children, we decline to identify them by name.

[2] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ."

[3] The plaintiff did not object to the use of a motion to dismiss to challenge the applicability of § 52-592. See *PMG Land Associates, L.P.* v. *Harbour Landing Condominium Assn., Inc.*, 135 Conn. App. 710, 716 n.7, 42 A.3d 508 (2012).

[4] The plaintiffs characterize the court's holding as follows: "Because [the] plaintiffs withdrew their appeal of [the judgment grating the defendants' motion to strike the plaintiffs' 2003 complaint] on November 19, 2008, and filed their amended complaint on February 13, 2010, the court held that the plaintiffs' amended complaint was not brought within one year after the determination of the original action." They misconstrue the court's ruling, then provide only the following brief analysis: "[The] plaintiffs appealed [the subsequent February 13, 2009] judgment [rendered on their motion for judgment], and then withdrew their appeal on December 3, 2009, which is when the original action was 'determined' for the purpose of § 52-592. Because the plaintiffs filed their amended complaint on February 11, 2010, which is within the one year deadline prescribed by the accidental failure of suit statute, the lower court committed clear error in finding that the plaintiffs could not bring a new action under that statute." They do not address the court's conclusion that § 52-592 does not apply when a party files an appeal and then subsequently withdraws it.

[5] The plaintiffs have made one argument which circumvents this issue, namely, that they have been deprived of a judicial remedy in violation of the Connecticut constitution. As we have stated previously, "[a party] has not been deprived of an opportunity to bring an action. The opportunity was there, but was limited by time. It is within the legislature's authority to determine how quickly actions for claims of injury must be brought." *Vessichio* v. *Hollenbeck*, 18 Conn. App. 515, 520, 558 A.2d 686 (1989). The time limiting of causes of action via statutes of limitations is not unconstitutional.

---